STATE OF NEBRASKA, APPELLEE, V. DANIEL G. ERLEWINE,
APPELLANT.
452 N.W.2d 764

Filed March 23, 1990.   No. 89-657.

Brent M. Bloom for appellant.

Robert M. Spire, Attorney General, Herbert M. Fitle, Omaha City Attorney, and Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from the Douglas County District Court's order affirming defendant's convictions and sentences on various charges. We affirm.

In exchange for certain other offenses' being dismissed, defendant, on March 8, 1989, pled guilty in the Douglas County Court to four counts of operating a motor vehicle during a period of suspension, one count of providing false information, one count of driving while under the influence, one count of carrying a concealed weapon, and one count of possession of an unregistered firearm. Defendant was represented by counsel when each of these pleas was accepted. The trial court imposed the recommended total sentence of 120 days' incarceration and suspended defendant's driver's license for 545 days.

Defendant or his trial counsel subsequently filed notices of appeal. Defendant's trial counsel also filed praecipes for a transcript and bill of exceptions, but filed no statement of errors with the district court as required by the Rules of Practice for the Fourth Judicial District Court, rule No. 8 (January 1988). Because these rules are on file with the Clerk of the Supreme Court, we will take notice of them. See, *Aetna Cas. & Surety Co. v. Nielsen*, 217 Neb. 297, 348 N.W.2d 851 (1984), *overruled on other grounds*, *First Nat. Bank v. Bolzer*, 221 Neb. 415, 377 N.W.2d 533 (1985). The Douglas County District Court affirmed the convictions and sentences, but noted defendant's counsel did not appear to argue the matter.

New counsel was substituted. Defendant appeals to this court, contending his trial counsel was ineffective in failing to pursue defendant's appeal in the district court.

When a defendant alleges a violation of his or her constitutional right to effective assistance of counsel, the standard for determining the propriety of the claim is whether

the attorney, in representing the accused, performed at least as well as an attorney with ordinary training and skill in the criminal law in the area. Further, there must be a showing of how the defendant was prejudiced in the defense of his or her case as a result of the attorney's actions or inactions. See *State v. Domingus, ante* p. 267, 450 N.W.2d 668 (1990).

Assuming in the present case that trial counsel's performance in failing to pursue the district court appeal was deficient, defendant was not prejudiced by this deficiency. "In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeal, and, as such, its review is limited to an examination of the county court record for error or abuse of discretion." *State v. Sock*, 227 Neb. 646, 649, 419 N.W.2d 525, 527 (1988). Under the provisions of Neb. Rev. Stat. §§ 25-2733 and 25-1911 (Reissue 1989), the district court and the Nebraska Supreme Court generally shall review appeals from the county court for error appearing on the record. See, also, *Communications Workers of America v. Abrahamson*, 228 Neb. 335, 422 N.W.2d 547 (1988); *Kuehl v. Diesel Power Equip. Co.*, 228 Neb. 353, 422 N.W.2d 361 (1988). It is generally not necessary that errors be raised in the appeal to the district court before this court will consider those errors. *State v. Lesac*, 231 Neb. 718, 437 N.W.2d 517 (1989). Because this court will consider errors which could have been, but were not, raised in the district court, and our review is the same as the district court's review, defendant was not prejudiced by trial counsel's failure to raise and argue the alleged errors in the district court.

In order to clarify the procedure on appeal from a decision of the county court to the district court and thence to this court, we adopt the following rule of practice.

The Supreme Court, in reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the Supreme Court. This rule shall be effective so as to apply to all county court decisions appealed to the district court after the filing date of this opinion.

In this case, we have reviewed the record for error. We have

examined defendant's convictions in light of *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), and they are not constitutionally infirm. The sentences are not excessive. Accordingly, the order of the Douglas County District Court is affirmed.

AFFIRMED.