STATE OF NEBRASKA, APPELLEE, V. JOHN HARLAN, APPELLANT.

488 N.W.2d 374

Filed June 2, 1992. No. A-91-621.

Thomas B. Thomsen, of Sidner, Svoboda, Schilke, Thomsen, Holtorf & Boggy, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

CONNOLLY, IRWIN, and MILLER-LERMAN, Judges.

CONNOLLY, Judge.

John Harlan was convicted in Dodge County Court of leaving the scene of an accident, in violation of Neb. Rev. Stat. § 39-6,104.02 (Reissue 1988), and giving false information to a peace officer, in violation of Neb. Rev. Stat. § 28-907 (Reissue 1989), and sentenced to 30 days in jail and a $100 fine. The district court affirmed. Harlan appeals, assigning as error the district court's determination that Harlan's failure to file a statement of errors pursuant to Neb. Ct. R. of Cty. Cts. 52(I)G (rev. 1991) precluded review in district court. We affirm.

The facts are as follows: On November 24, 1990, two men driving northbound on Bell Street in Fremont, Nebraska, observed a green automobile headed southbound on Bell. The green automobile went over the curb and struck a light pole on an automobile sales lot. The green automobile then backed away from the light pole and resumed travel southbound on Bell. The two witnesses followed the green automobile to an apartment on 16th Street, where they observed some people exit the automobile. The witnesses then drove to a store and reported the incident to the Fremont police.

After receiving a report of the incident over the radio, police officer Giesselmann found Harlan sitting with a woman in the front seat of a green Plymouth at 646 East 16th Street. Giesselmann noticed a fresh dent on the front bumper of the automobile; he also noticed the hood over the engine was hot, as if the automobile had recently been running. Giesselmann questioned Harlan as to whether his automobile had been in an accident that night. Upon questioning, Harlan maintained that he had been at the apartment at East 16th Street most of the night and denied that his automobile had been in an accident.

After a bench trial, Harlan was convicted of leaving the scene of an accident and giving false information to a peace officer. Harlan then appealed to the district court, which reviewed the record only for plain error because of Harlan's failure to comply with rule 52(I)G.

On this appeal, we need not reach all of Harlan's assigned errors, since one of these is dispositive. Harlan assigns as error the district court's determination that Harlan's failure to file a statement of errors precluded review except for plain error.

Rule 52(I)G provides in part as follows:

> Within 10 days of filing a notice of appeal, the appellant shall file with the district court a statement of errors, which shall consist of a separate, concise statement of each error a party contends was made by the trial court. . . . Consideration of the case will be limited to errors assigned and discussed. The district court may, at its option, notice a plain error not assigned.

The sentence of the county court was entered March 27, 1991. Harlan filed his notice of appeal on March 28, 1991. This was not followed by a statement of errors until May 16, 1991.

The Nebraska Supreme Court has adopted the following rule of practice, which is also observed by this court:

> The Supreme Court, in reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the Supreme Court. This rule shall be effective so as to apply to all county court decisions appealed to the district court after the filing date of this opinion.

*State v. Erlewine*, 234 Neb. 855, 857, 452 N.W.2d 764, 767 (1990). Accord, *State v. Keller*, 240 Neb. 566, 483 N.W.2d 126 (1992); *State v. Nowicki*, 239 Neb. 130, 474 N.W.2d 478 (1991).

As stated above, the county court order of sentence was filed March 27, 1991. *Erlewine* was filed March 23, 1990. In contrast to *Erlewine*, which did not provide a specific deadline for the filing of assignments of error, rule 52(I)G sets a 10-day limit. Rule 52(I)G was enacted in February 1991. Since Harlan did not comply with the 10-day provision of rule 52(I)G, no errors were properly assigned to the district court. Accordingly, this court will not consider the errors assigned on appeal.

This court reserves the right to correct error unassigned or uncomplained of but which is plainly evident from the record and prejudicially affects a litigant's substantial right, and which if left uncorrected would result in a miscarriage of justice or damage the integrity, reputation, and fairness of the judicial process, regardless of whether the error was raised at trial or on appeal. See, Neb. Rev. Stat. § 25-1919 (Supp. 1991); *State v.*

*Keller, supra*; *State v. Nowicki, supra*. We conclude that no plain error has been committed in this case.

Harlan contends in his brief that rule 52(I)G, as applied by the district court, deprives him of due process of law. However, the U.S. Supreme Court stated in *Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983), that there is no right to an appeal of a criminal conviction under the U.S. Constitution. Moreover, Harlan has been accorded an appeal pursuant to Neb. Const. art. I, § 23.

The judgment of the district court is affirmed.

AFFIRMED.