STATE OF NEBRASKA, APPELLEE, V. ROBERT M. GERSTNER, APPELLANT.
507 N.W.2d 490
Filed November 5, 1993. No. S-91-1256.

Thomas K. Harmon, of Respeliers and Harmon, P.C., for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and MORAN, D.J., Retired.

LANPHIER, J.

Defendant, Robert M. Gerstner, was arrested at the door of his home. The Omaha police officer making the arrest had seen him driving his car erratically. Defendant claimed the arrest was illegal. Defendant's attorney sought to suppress evidence of the arrest and surrounding circumstances, but failed to object to its introduction at trial. Defendant was convicted by a jury of operating a motor vehicle while intoxicated, third offense. New counsel filed a statement of errors, which is governed by Neb. Ct. R. of Cty. Cts. 52(I)(G) (rev. 1992). New counsel later discovered after the bill of exceptions had been prepared that previous counsel had failed to object to the evidence at trial and sought appellate review on the basis of incompetence of counsel. The district court for Douglas County affirmed defendant's conviction, and the Nebraska Court of Appeals reversed the district court's judgment in *State v. Gerstner*, 2 NCA 565 (1993), with directions to dismiss the conviction. We granted further review for the purpose of addressing the issues of timeliness in filing the statement of errors and present defense counsel's failure to assign effectiveness of counsel within the statement of errors. We affirm the decision of the Court of Appeals.

## FACTS

Officer Daniel Tanner of the Omaha Police Division was conducting a traffic stop on March 2, 1991, at approximately 1:12 a.m. He noticed that a Datsun automobile turning south from Maple Street onto 62d Street went over the curb and hit a park bench located on the southwest corner of 62d and Maple. The driver backed up the vehicle. Tanner turned on his cruiser's overhead rotating lights and motioned for the driver to stop. The driver slowly drove past Tanner, enabling Tanner to

partially see the driver through the vehicle's tinted windows. Tanner was able to learn the identity of the registered owner of the Datsun after radioing headquarters. After returning the driver's license of the driver involved in the traffic stop, Tanner proceeded to the address provided for the owner of the Datsun. He arrived at the home of defendant shortly thereafter and found the Datsun in the driveway. After inspecting the Datsun and determining that it was the vehicle that hit the park bench, he called for backup and knocked on the door. When defendant came to the door, Tanner recognized him as the driver of the Datsun. Tanner immediately grabbed defendant's right wrist and told him he was under arrest for "hit and run." As he arrested defendant, Tanner noticed symptoms of intoxication displayed by defendant. Defendant pulled Tanner into the house, and a struggle ensued. Eventually, other officers arrived and helped subdue defendant. At trial, Tanner testified that after defendant was handcuffed, defendant told his girl friend he had "fucked up," to which the girl friend responded, "I know." At the police station, defendant voluntarily submitted to, and failed, a breath test. Defendant was subsequently charged with driving under the influence of alcohol.

Defendant's counsel filed a motion to suppress the Intoxilyzer test, the results of the test, and apparently, the statement made by defendant to his girl friend. The motion was denied. At trial, defense counsel made no objection to the introduction of the breath test or the statement, and they were admitted into evidence.

The jury returned a guilty verdict on June 12, 1991, and defendant's counsel filed a motion for a new trial on June 17. No error was assigned to the trial court's failure to sustain the motion to suppress nor to the introduction of the evidence. At an enhancement hearing on June 27 for defendant's third-offense drunk driving, he was represented by trial counsel, James P. Miller. On August 15, at the sentencing hearing, defendant's present counsel, Thomas K. Harmon, explained to the court that he had been retained to represent defendant after Miller had suffered a heart attack. On July 22, Harmon had filed an appearance of counsel and had advised the court of his intention to proceed on the motion for new trial

filed by Miller.

On August 20, defendant's present counsel filed a notice of appeal, a praecipe for a bill of exceptions, and a praecipe for a transcript. On September 5, the certificate of transcript was filed in the district court. Defendant's new counsel had filed a statement of errors in the district court on September 16. On October 29 and 30, the bill of exceptions was certified by the two county judges who presided over the trial. The statement of errors filed before the bill of exceptions had been prepared failed to specify as error the claim of ineffectiveness of trial counsel.

On November 21, at the hearing on the appeal, the district court denied the motion for new trial and found that defendant was not prejudiced by his trial counsel's failure to object at trial to the introduction of the evidence.

The Court of Appeals reversed the district court's judgment on the ground that defendant was, in fact, prejudiced by his trial counsel's failure to object at trial. It also gave directions to dismiss the action because it found the evidence of the breath test and the results were inadmissible because of an illegal arrest. The State petitioned this court for further review, claiming that the Court of Appeals erred in hearing the issue of ineffectiveness of counsel because it was not contained in the statement of errors as required by *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990), and because the statement of errors was untimely filed under Neb. Ct. R. of Cty. Cts. 52(I)(G) (rev. 1992).

## TIMELINESS AND STATEMENT OF ERRORS

In *Erlewine*, this court held that in reviewing decisions of the district court appealed from the county court, it would consider "only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the Supreme Court." 234 Neb. at 857, 452 N.W.2d at 767. On February 21, 1991, the Supreme Court adopted rule 52(I)(G), which provides:

> Statement of errors. Within 10 days of filing a notice of appeal, the appellant shall file with the district court a statement of errors, which shall consist of a separate,

concise statement of each error a party contends was made by the trial court. . . . Consideration of the case will be limited to errors assigned and discussed. The district court may, at its option, notice a plain error not assigned.

There is no question that the statement of errors was not filed within the prescribed time and that the statement of errors did not include the claim of ineffective assistance of counsel. The notice of appeal was filed on August 20, 1991, along with praecipes for the bill of exceptions and transcript. The statement of errors was not filed until September 16, and no mention is made therein of the ineffectiveness of counsel claimed now by defendant. The question which remains is whether the rule should be applied in this instance where defense counsel was unable to review the record for error because the bill of exceptions was not filed in the district court until October 31, at least 5 days after the 10 days in which to file the statement of errors had expired.

The Court of Appeals' opinion sets forth several reasons why defendant's failure to allege ineffectiveness of counsel as error constitutes an exception to *Erlewine*.

First, the defendant alleges that his trial counsel was ineffective because he failed to object to the introduction of certain evidence. Although it may have deprived the defendant of a fair trial, his trial counsel's failure to object was not an error committed by the trial court. Second, in this particular case, new counsel promptly filed a statement of errors which included alleged errors regarding the court's denial of the suppression motion and receipt of the evidence with as much specificity as counsel not present at the trial could be expected to provide.

*State v. Gerstner*, 2 NCA 565, 571 (1993).

While we agree with the conclusion of the Court of Appeals, we find the first reason provided by the Court of Appeals does not comport with traditional appellate procedures. The first reason apparently suggests that defendant was not required to assign as error the alleged ineffectiveness of his counsel because the error was not committed by the court but by his trial counsel. This reason is not supported by this court's current appellate procedures. Pursuant to Neb. Ct. R. of Prac. 9D(1)d

(rev. 1992), a party must specifically assign all errors allegedly made by the trial court. Allegations of ineffectiveness of counsel fall within the scope of this rule. Indeed, they have invariably been included within a party's assignments of error. See, *State v. Navrkal*, 242 Neb. 861, 496 N.W.2d 532 (1993); *State v. Victor*, 242 Neb. 306, 494 N.W.2d 565 (1993); *State v. Reichert*, 242 Neb. 33, 492 N.W.2d 874 (1993). Furthermore, this court has required that allegations of ineffective assistance of counsel be set forth in the assignments of error. *State v. Wiley*, 225 Neb. 55, 402 N.W.2d 311 (1987).

However, defense counsel had no opportunity to review the bill of exceptions before submitting the statement of errors. This prevented him from discovering any alleged ineffectiveness of defendant's prior counsel until after the statement of errors was due. New defense counsel's failure to assign the claim of ineffectiveness of counsel and the resultant delay in submitting the statement of errors were excusable. Without the benefit of the bill of exceptions, new counsel would have no basis to determine which errors to assign. Under these circumstances, an exception to the rule in *Erlewine* was necessarily in order.

## CONCLUSION

We affirm the holding of the Court of Appeals reversing the district court's judgment and remanding the cause with directions to dismiss the charge of operating a motor vehicle while intoxicated, third offense.

AFFIRMED.