IN RE ESTATE OF FLOYD J. SOULE, SR., DECEASED.
CARL SOULE ET AL., APPELLEES, V. FLOYD J. SOULE, JR., AND
BILLY G. SOULE, INDIVIDUALLY AND AS COPERSONAL
REPRESENTATIVES OF THE ESTATE OF FLOYD J. SOULE, SR.,
DECEASED, APPELLANTS.

540 N.W.2d 118

Filed December 1, 1995.   No. S-94-116.

Brian R. Cook, of O'Brien, Huenergardt & Cook, and David L. Wilson, of Burke & Wilson, for appellants.

John P. Weis and, on brief, Donn C. Raymond for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

This appeal arises from an order of the county court for Kimball County which denied the claims of the appellees (claimants) against the estate of their grandfather, Floyd J. Soule, Sr. The claimants appealed to the district court for Kimball County, which reversed the county court's order and granted the claims. Floyd J. Soule, Jr., and Billy G. Soule, being devisees and copersonal representatives of Soule's estate, appealed to the Nebraska Court of Appeals. We removed the case to our docket in order to manage the caseloads of the two courts.

The disputed claims relate to a series of gifts made by Soule's conservator prior to Soule's death. The conservator had made gifts to Soule's then living children, including the appellants, for the undisputed purpose of reducing the size of the estate in order to avoid federal estate taxes. The conservator was unaware of Soule's predeceased son, Glen Soule, and of Glen's children, i.e., the claimants, and they did not receive any gifts. The gifts to the living children were made with the approval of the county court and each of the conservator's applications for approval of the gifts attests that notice by mail was served upon only Soule's living children. After Soule's death, his estate was probated. Although Soule made no testamentary devises to the claimants,

a portion of his will failed. Thus, the claimants were entitled, by virtue of the laws of intestacy, to share the benefits of what their deceased father, had he lived, would have received. The claimants assert that their intestacy shares were reduced by the conservator's gifting program and argue that the gifts should be treated as advancements against testamentary devises to the living children. Our review is limited to a review for plain error due to the claimants' failure to file the required statement of errors in the district court. See Neb. Ct. R. of Cty. Cts. 52(I)(G) (rev. 1992). Finding no basis for plain error, we reverse the district court's order which reversed the judgment of the county court and remand the cause with directions to affirm the county court's order denying the claimants' statements of claim.

## BACKGROUND

On October 3, 1985, Floyd Soule, Sr., was placed under a conservatorship. The order placing Soule under the conservatorship is not part of the record before us. Soule was under the conservatorship until his death on November 30, 1991.

Prior to the conservatorship, Soule twice made gifts of $10,000 to each of his six living children, in 1982 and 1983. A seventh child, Glen Soule, had died on December 9, 1972. After the creation of the conservatorship, the conservator made annual applications to the county court for authority to continue the gifting. Gifts totaling $465,000 were approved. In some years, the gifts were made to the six living children, and in other years, said children's spouses were also named as donees. Each order approving the gifts stated that Soule was incapable of giving consent but that it was in his best interest that gifts be made in order to reduce the gross value of his estate and thereby diminish the burden of future tax consequences.

The claimants received no gifts. They are the five children of Glen Soule, who predeceased his father, Floyd Soule, Sr. The conservator testified that he was unaware of the existence of these grandchildren and heirs–at–law until after Floyd Soule, Sr.'s death. At the hearing in the county court regarding the probate of Soule's estate, the claimants offered as evidence the

conservator's annual applications for approval of the gifts and some other documents from the conservatorship proceeding. The certificate of service accompanying each of the annual applications recited that notice had been served by mail on each of Soule's six living children. The applications do not recite that any service by publication was made.

Prior to the conservatorship, Soule executed a last will and testament, dated March 6, 1979. The will made specific bequests to the living children of real estate and oil and gas interests. The will did not mention the claimants. The will purported to create a testamentary trust in benefit of Soule's wife, Ruby. Ruby predeceased Soule, and apparently, the county court held that the trust failed and that that portion of the estate passed by the laws of intestacy. No assignments of error have been stated regarding this ruling, and the parties have not made any record of the court's order.

By virtue of the laws of intestacy, the claimants were entitled to share in that portion of their grandfather's estate that their deceased father, had he lived, would have received. Neb. Rev. Stat. §§ 30-2302 and 30-2306 (Reissue 1989). The claimants filed claims against the estate in the county court and argued that the gifts made by the conservator prior to their grandfather's death reduced the amount of assets available for distribution to them as residuary devisees. Essentially, the claimants argue that if the $465,000 in gifts had not been made, they would have received an additional $13,285.71 each. That amount is reached by dividing the total amount of the gifts by each claimant's one thirty–fifth share of the residuary.

The appellants, as copersonal representatives of Soule's estate, disallowed the claims. Proceedings were had before the county court on August 21, 1992. The claimants argued that the $465,000 in gifting during the conservatorship should be considered as advancements to the living children. In their statements of claim, the claimants did not ask that the gifts be given back or that the orders allowing the gifts be declared void. The claimants did not object to any lack of notice afforded them of the conservatorship proceedings and gifts.

By its order of September 29, 1992, the county court held that the gifts made to the living children during the existence of

the conservatorship were true gifts and not in satisfaction of any devise. The county court denied the claimants' statements of claim.

The claimants appealed the county court's order denying their claims to the district court, but they failed to file a statement of errors in the district court as required by rule 52(I)(G). However, by its order of December 29, 1993, the district court reversed the county court's order. The district court held that the claimants were entitled to share in the residue of Soule's estate to the extent of a one thirty–fifth interest each and that that interest reached the $465,000 in gifts given the living children. The court held that the gifts should be considered as advancements and allowed the claims. In its order, the district court noted that the claimants had been entitled to notice in the conservatorship proceeding and that no notice of the applications for permission to make the gifts was given.

The copersonal representatives, individually and on behalf of the estate, appeal the order of the district court allowing the claimants' statements of claim.

## ASSIGNMENTS OF ERROR

The appellants assert that the district court erred in not dismissing the appeal from the county court because no statement of errors was filed and there was no plain error upon the record, in finding that the doctrine of advancements applied to an estate which passed in partial intestacy, and in allowing the claimants' statements of claim against the estate.

## STANDARD OF REVIEW

An appellate court reviews probate cases for error appearing on the record made in the county court. *In re Estate of Hannan*, 246 Neb. 828, 523 N.W.2d 672 (1994); *In re Estate of Holt*, 246 Neb. 50, 516 N.W.2d 608 (1994); *In re Estate of Trew*, 244 Neb. 490, 507 N.W.2d 478 (1993). However, appellate review is limited to those errors specifically assigned in the appeal to the district court and again assigned as error in an appeal to a higher appellate court. Rule 52(I)(G); *Lindsay Ins. Agency v. Mead*, 244 Neb. 645, 508 N.W.2d 820 (1993); *State v. Gerstner*, 244 Neb. 508, 507 N.W.2d 490 (1993); *State v.*

*Keller,* 240 Neb. 566, 483 N.W.2d 126 (1992); *State v. Erlewine,* 234 Neb. 855, 452 N.W.2d 764 (1990). Under rule 52(I)(G), an appellate court may at its discretion notice a plain error not assigned. *Lindsay Ins. Agency, supra.*

Plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Long v. Hacker,* 246 Neb. 547, 520 N.W.2d 195 (1994); *Dike v. Dike,* 245 Neb. 231, 512 N.W.2d 363 (1994); *Hoch v. Prokop,* 244 Neb. 443, 507 N.W.2d 626 (1993).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Sylvis v. Walling, ante* p. 168, 532 N.W.2d 312 (1995); *Nebraska Life & Health Ins. Guar. Assn. v. Dobias,* 247 Neb. 900, 531 N.W.2d 217 (1995); *Rust v. Buckler,* 247 Neb. 852, 530 N.W.2d 630 (1995).

## ANALYSIS

In their appeal to the district court, the claimants failed to file a statement of errors. Rule 52(I)(G) provides in part:

> Within 10 days of filing a notice of appeal, the appellant shall file with the district court a statement of each error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed. Consideration of the case will be limited to errors assigned and discussed. The district court may, at its option, notice a plain error not assigned.

The purpose of rule 52(I)(G) is to direct the attention of the reviewing court to precisely what error was allegedly committed by the lower court and to advise the nonappealing party of specific issues on appeal. *Lindsay Ins. Agency, supra.* Compliance with rule 52(I)(G) is not a prerequisite to district court or appellate court jurisdiction over an appeal of a decision rendered by the county court. *Lindsay Ins. Agency, supra.* Rule 52(I)(G) does limit appellate review to those errors specifically

assigned in the appeal to the district court and again assigned as error in an appeal to a higher appellate court. *Lindsay Ins. Agency, supra*; *Gerstner, supra*; *Keller, supra*; *Erlewine, supra*. However, under rule 52(I)(G), a district court may at its discretion, notice a plain error not assigned. *Lindsay Ins. Agency, supra*.

Here, the district court was not presented with any specific assignments of error. The notice of appeal merely states that the claimants intended to appeal the county court's judgment denying their claims and does not state any specific reason why such judgment was in error. There is no separate statement of errors.

Without any assignments of error, the district court's review was limited to a discretionary review of the record for plain error. The district court stated in its order that it had conducted its review for error on the record. Therefore, the district court applied the wrong scope of review.

When no statement of errors is filed by an appellant in the district court pursuant to rule 52(I)(G), the higher appellate court may at its discretion consider errors assigned in the appellate court, provided that the record shows that those errors were also assigned in the district court. *Lindsay Ins. Agency v. Mead*, 244 Neb. 645, 508 N.W.2d 820 (1993). Where no errors are specifically assigned in the district court, a higher appellate court may also, at its option, consider plain error not assigned. *Id.*; Neb. Rev. Stat. § 25-1919 (Cum. Supp. 1994); Neb. Ct. R. of Prac. 9D(1)d (rev. 1992). We must therefore limit our review in this case to a consideration of plain error by the county court.

## GIFTS, ADVANCEMENTS, OR ADEMPTIONS?

We find no plain error in the county court's order disallowing the claimants' statements of claim. The county court held that the gifts made during the conservatorship were true gifts and not advancements in satisfaction of any devise in the will.

The doctrine of advancements or ademptions applies to wills and intestate estates in Nebraska. *In re Estate of McFayden*, 235 Neb. 214, 454 N.W.2d 676 (1990); Neb. Rev. Stat. §§ 30-2310 and 30-2350 (Reissue 1989). Section 30-2310 applies when a

person dies intestate as to all of his or her estate, and § 30–2350 applies to testamentary dispositions. Without reaching the thorny issue of which statute applies to this estate which passed in partial intestacy, we affirm the judgment of the county court for the reason that none of the gifts made by the conservator on behalf of Soule was accompanied by a contemporaneous writing declaring the gift to be an advancement as required by both §§ 30–2310 and 30–2350. Since our holding rests on the lack of a contemporaneous writing, we also need not address the issues surrounding the ability of a conservator to make advancements against, or to adeem, a testamentary devise.

Section 30–2310 states that an inter vivos transfer is to be "treated as an advancement against the [heir's] share of the estate only if declared in a contemporaneous writing by the decedent or acknowledged in writing by the heir to be an advancement."

Section 30–2350 states in part:

> Property which a testator gave in his lifetime to a person is treated as a satisfaction of a devise to that person in whole or in part only if the will provides for deduction of the lifetime gift, or the testator declares in a writing contemporaneous with the gift that it is to be deducted from the devise or is in satisfaction of the devise, or the devisee acknowledges in a writing contemporaneous with the gift that it is in satisfaction.

We have previously held that absent a clause in the testator's will, a contemporaneous writing, or a written acknowledgement by the devisee, inter vivos gifts cannot be deemed to be advancements under § 30–2350. *In re Estate of McFayden, supra.* Similarly, § 30–2310 requires a contemporaneous writing or a written acknowledgement in order to adeem an inter vivos gift to be an advancement.

Soule completed two series of gifts prior to being placed under a conservatorship without any contemporaneous writing that the gifts were to be treated as advancements. Soule's will is silent regarding advancements.

We question whether the court orders approving the gifts could suffice as contemporaneous writings because courts lack the power to make a will on behalf of a protected person in a

conservatorship proceeding. Neb. Rev. Stat. § 30–2637(3) (Reissue 1989). However, the court orders do not contain any directives that the gifts should be treated as advancements or ademptions, and therefore the orders do not meet the demand of either § 30–2310 or § 30–2350 for a contemporaneous writing.

A donor may express in the gift that the gift is an advancement. *In re Estate of McFayden, supra.* Therefore, as we did in *In re Estate of McFayden*, we examined the checks from the conservatorship estate to the living children. Each check bears the notation "gift," "annual gift," or "gift, no tax." None of the checks contains any notation to the effect that the transfer was intended to be an advancement or ademption.

We further note the district court's holding that the gifts made during the conservatorship were completed without notice to the claimants. In this appeal from a probate case, we are being asked to review actions taken in an earlier, separate conservatorship proceeding. In order to prove their claims against the probate estate, the claimants introduced into evidence selected applications and orders from the conservatorship estate regarding the gifts. These documents raise the question of whether the claimants were afforded adequate notice of the gifting. However, that question was not raised before the county judge who would have knowledge of both proceedings, and the estate was unable to respond to this issue in the record. The question was first raised by the district court in its review. Our review is confined by the theory of the case and by the lack of a complete record of the conservatorship proceedings.

For the foregoing reasons, we find no plain error in the county court's holding that the transfers from the conservatorship estate to the living children were gifts rather than advancements or ademptions.

## CONCLUSION

The district court's order reversing the judgment of the county court is reversed, and the cause is remanded with directions to affirm the county court's order denying the claimants' statements of claim.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, C.J., dissents.