STATE OF NEBRASKA, APPELLEE, V. LLOYD DEWEY
SCHOONMAKER, APPELLANT.

543 N.W.2d 194

Filed February 9, 1996.   No. S-95-401.

Richard W. Harter, of Harter Law Office, P.C., for appellant.

Don Stenberg, Attorney General, Jay C. Hinsley, and, on brief, Delores Coe-Barbee for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

GERRARD, J.

Lloyd Dewey Schoonmaker was convicted of second degree murder in the death of Robert Dooley following a second jury trial, which was required due to procedural irregularities in the jury instructions of the original trial. In his postconviction relief motion, Schoonmaker asked the district court for Cass County

to either vacate the judgment of conviction or grant him a new trial. The motion for postconviction relief alleges that trial counsel for Schoonmaker provided ineffective assistance because he failed to directly appeal the conviction, which appeal was warranted on the basis that Schoonmaker was wrongfully denied an evidentiary hearing on a motion to suppress evidence filed prior to the second jury trial. The motion to suppress alleged constitutional rights violations and was denied on the basis that it was identical to a previous motion to suppress overruled by the court prior to the original jury trial. Because we find that Schoonmaker has not shown that he was prejudiced by his trial counsel's failure to directly appeal his criminal conviction, we affirm the order of the district court denying the motion for postconviction relief.

## FACTUAL BACKGROUND

Dooley, age 10, was murdered on September 22, 1972, after attending a carnival with his siblings. While at the carnival, Dooley and a friend worked for a short period of time at a game booth under the supervision and permission of Schoonmaker, who was a ticket salesman for the carnival. Dooley did not return home from the carnival on the evening of September 22 and was reported missing to the police. The next day, Schoonmaker entered the yard surrounding Dooley's residence and spoke to Dooley's mother, Evelyn Keyser. Schoonmaker told Keyser that he had seen and talked to Dooley at the carnival and that Dooley told Schoonmaker he was going to run away.

On September 28, 1972, 6 days after Dooley disappeared, Schoonmaker was brought in for questioning. Prior to questioning, Schoonmaker was read an interrogation form informing him of his *Miranda* rights, which he voluntarily signed. Schoonmaker was reread these rights numerous times during extensive questioning, although he did not sign additional interrogation forms which were presented to him, stating that he had already signed a similar form. During questioning, Schoonmaker admitted that he knew who Dooley was and eventually led police to the location where Dooley's body was discovered on September 30.

On January 26, 1973, Schoonmaker was charged by

information with second degree murder in the death of Dooley. From approximately March 1973 until September 1981, Schoonmaker was determined to be incompetent to stand trial. However, on September 30, 1981, Schoonmaker was determined to be competent, and the matter was set for trial before the district court for Cass County. Subsequently, counsel for Schoonmaker filed a motion to suppress evidence, asserting violation of Schoonmaker's constitutional rights as the result of illegal arrests without probable cause and lack of proper advisement of *Miranda* rights or voluntary waiver thereof prior to questioning. After an evidentiary hearing, the district court overruled the motion to suppress. A jury trial was held, and on January 14, 1982, Schoonmaker was convicted of second degree murder. However, on February 26, a motion for new trial was granted because of the failure of the court to properly instruct the jury during the first trial.

A second jury trial was scheduled for May 24, 1982. Counsel for Schoonmaker then filed another motion to suppress, which was identical to the motion to suppress denied by the district court prior to the first trial. In relation to the second motion to suppress, counsel for the State made an oral motion to deny an evidentiary hearing, and both counsel agreed to submit the matter on the record made at the original suppression hearing. There was no new evidence offered or received at the hearing on the second motion to suppress, and Schoonmaker's counsel affirmatively represented that there was no new or different evidence from that offered at the original suppression hearing.

On May 20, 1982, the district court overruled the second motion to suppress, finding that Schoonmaker was not entitled to an evidentiary hearing on "a second Motion to Suppress involving the same issues," because the court had previously held an evidentiary hearing and ruled on a motion to suppress during the course of the proceedings of the first trial. At the second trial, evidence subject to the motion to suppress was received over the objection of counsel for Schoonmaker, and, thereafter, Schoonmaker was convicted of second degree murder. After the trial but prior to sentencing, counsel for Schoonmaker filed a motion for new trial which was denied by the district court. Schoonmaker did not appeal the overruling of

his motion for new trial or the judgment of conviction for second degree murder.

With newly appointed counsel, Schoonmaker filed a motion for postconviction relief, asserting ineffective assistance of counsel in failing to directly appeal the conviction. The district court overruled the motion for postconviction relief without an evidentiary hearing. The district court held that the original trial court properly denied the request for an evidentiary hearing in relation to the second motion to suppress, and, therefore, the claim of ineffective assistance of counsel was without merit. Schoonmaker has appealed this ruling.

## ASSIGNMENTS OF ERROR

Schoonmaker alleges, in essence, that the district court erred in (1) failing to find that Schoonmaker was denied effective assistance of counsel at the original trial and (2) refusing to grant an evidentiary hearing.

## STANDARD OF REVIEW

A criminal defendant seeking postconviction relief has the burden of establishing a basis for such relief, and the findings of the district court will not be disturbed unless clearly erroneous. *State v. Russell*, 248 Neb. 723, 539 N.W.2d 8 (1995); *State v. Ryan*, 248 Neb. 405, 534 N.W.2d 766 (1995). The appellant in a postconviction proceeding has the burden of alleging and proving that the claimed error is prejudicial. *State v. Russell, supra*; *State v. Barfoot*, 248 Neb. 335, 534 N.W.2d 572 (1995). A defendant in a postconviction proceeding must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution. *State v. Russell, supra*; *State v. Lowe*, 248 Neb. 215, 533 N.W.2d 99 (1995). Additionally:

> " ' "A court is not required to grant an evidential hearing on a motion for postconviction relief which alleges only conclusions of law or fact; nor is an evidential hearing required under the Nebraska Postconviction Act when (1) the motion for postconviction relief does not contain sufficient factual allegations concerning a denial or violation of constitutional rights affecting the judgment against the movant, or (2) notwithstanding proper

pleadings of fact in a motion for postconviction relief, the files and records in the movant's case do not show a denial or violation of the movant's constitutional rights causing the judgment against the movant to be void or voidable." ' "

*State v. Russell*, 239 Neb. 979, 980, 479 N.W.2d 798, 800 (1992).

## ANALYSIS

*Ineffective Assistance of Counsel.*

To sustain a claim of ineffective assistance of counsel as a violation of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defendant, that is, demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Ryan, supra*; *State v. Clausen*, 247 Neb. 309, 527 N.W.2d 609 (1995). This two-pronged test is derived from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The two prongs of the *Strickland* test may be addressed in either order. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Strickland v. Washington, supra*; *State v. Nielsen*, 243 Neb. 202, 498 N.W.2d 527 (1993).

Following the conviction for second degree murder after the second jury trial, trial counsel for Schoonmaker filed a motion for new trial, asserting irregularities in the proceedings, insufficient evidence, and legal errors. The motion for new trial did not specifically allege any errors in regard to the motion to suppress or lack of evidentiary hearing, and the motion was overruled by the trial court. Trial counsel for Schoonmaker did not appeal the conviction or the order denying the motion for new trial. Assuming without deciding that trial counsel's alleged inaction was deficient, we examine whether such inaction prejudiced Schoonmaker.

The motion to suppress at issue in this postconviction motion

is identical to the motion to suppress filed by trial counsel prior to the original jury trial. In regard to the original motion to suppress, an evidentiary hearing was conducted in which testimony and evidence were received pertaining to the arrest and questioning of Schoonmaker. Following this evidentiary hearing, the trial court determined that the constitutional rights of Schoonmaker had not been violated in connection with either his questioning or his arrest.

Schoonmaker's complaint in the postconviction proceedings is that, absent a direct appeal, he was precluded from having an appellate court review the trial court's ruling on the original motion to suppress. While it may be true that Schoonmaker did not receive appellate review of the original suppression issue, it is likewise true that Schoonmaker has not specified how the trial court erred in its original ruling on the motion to suppress. There is no assertion in Schoonmaker's verified motion for postconviction relief specifying the grounds for error in the trial court's original suppression ruling, and, upon questioning, counsel at oral argument did not specify what errors the trial court had made in its suppression ruling.

There is ample evidence in the record to support the trial court's overruling of Schoonmaker's original motion to suppress. Prior to Dooley's disappearance, Schoonmaker was seen associating with Dooley. The day after Dooley disappeared, Schoonmaker voluntarily admitted this association and knowledge of Dooley's actions to his mother. Furthermore, prior to questioning, Schoonmaker was advised on several occasions by different law enforcement officers of his *Miranda* rights. Finally, Schoonmaker voluntarily led police to the location of the body of Dooley. Schoonmaker has not demonstrated that "but for" trial counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. See, *State v. Ryan*, 248 Neb. 405, 534 N.W.2d 766 (1995); *State v. Clausen, supra*. On a motion for postconviction relief, an appellate court is not required to guess on which grounds the trial court may have erred in overruling a motion to suppress evidence in the original proceedings. Thus, Schoonmaker failed to meet his burden of proving a prejudicial error.

Schoonmaker also asserts that the trial court should not have considered the testimony from the original suppression hearing when it ruled on his second motion to suppress. Even though Schoonmaker's trial counsel stipulated to the use of the original suppression transcript and affirmatively represented that there was no new or different evidence to be offered, Schoonmaker claims that the evidence elicited in a prior hearing is hearsay absent a showing of witness unavailability. This claim is without merit. Neb. Rev. Stat. § 29–822 (Reissue 1989) provides that a motion to suppress evidence may be filed at any time after an information is filed against a defendant, but the motion must be filed at least 10 days prior to the time of trial. There is· no statutory requirement to file a second motion to suppress after the granting of a new trial when the form and substance of the "new" motion to suppress is identical to the motion to suppress originally on file. In short, there was no need to file a second, identical motion to suppress in the instant case, after a new trial had been granted by the trial court. Thus, there was no prejudice to Schoonmaker in utilizing the original suppression transcript when his trial counsel represented that he had no new or additional evidence,. and he did not insist on calling new witnesses or reexamining witnesses from the previous hearing.

## CONCLUSION

Despite his assertions to the contrary, Schoonmaker has failed to show that he was prejudiced in the defense of his case by the lack of a direct appeal in this matter. The district court correctly refused an evidentiary hearing as " ' " '"the motion for postconviction relief does not contain sufficient factual allegations concerning a denial or violation of constitutional rights affecting the judgment against the movant . . . .' " ' " *State v. Russell*, 239 Neb. 979, 984, 479 N.W.2d 798, 802 (1992). Schoonmaker's rights under the U.S. and Nebraska Constitutions were neither denied nor infringed so as to render his conviction void or voidable. The district court did not err in refusing to grant relief on the grounds specified by Schoonmaker. We affirm the judgment of the district court.

AFFIRMED.