STATE OF NEBRASKA, APPELLEE, V.
PAMELA A. FIEDLER, APPELLANT.
562 N.W.2d 380

Filed April 15, 1997.   No. A-96-079.

Robert W. Kortus, of Frank & Gryva, P.C., for appellant.

Connor L. Reuter, Assistant Lincoln City Attorney, for appellee.

HANNON, SIEVERS, and MUES, Judges.

MUES, Judge.

## STATEMENT OF CASE

On December 6, 1994, Pamela A. Fiedler was charged with driving while under the influence of alcohol or drugs (DUI), second offense, in violation of Lincoln Mun. Code § 10.16.030 and failure to yield the right of way. A bench trial was held on April 4 and May 11, 1995, at which the arresting officer,

Donald Kneifl of the Lincoln Police Department, testified as to his observations of Fiedler on the night of her arrest and with regard to various field sobriety tests administered by him and Fiedler's performance thereof. According to Kneifl, Fiedler failed a preliminary breath test and was then placed under arrest. Following her arrest, Fiedler failed a chemical breath test, the results of which were admitted, over foundation and hearsay objections. On May 11, the county court found Fiedler guilty of the underlying DUI offense and failure to yield the right of way, and on June 16, following an enhancement hearing, it found Fiedler guilty of second-offense DUI. On July 13, she was sentenced to 18 months' probation.

Represented by different counsel, Fiedler appealed her DUI conviction to the district court, but failed to file a statement of errors. On December 29, 1995, the district court, noting no plain error, affirmed the judgment and sentence of the county court. Represented by different counsel, Fiedler timely appealed to this court.

## ASSIGNMENTS OF ERROR

Fiedler asserts on appeal that (1) the district court erroneously applied a plain error standard of review, (2) she received ineffective assistance of counsel, (3) her advisement form was inadequate, (4) the evidence was insufficient, and (5) her DUI conviction violates double jeopardy.

## DISCUSSION

*Standard of Review.*

In her first assigned error, Fiedler asserts that the district court erred in applying a plain error standard of review. According to Fiedler, her failure to timely file a statement of errors should be excused because the bill of exceptions in her case was filed late. Neb. Ct. R. of Cty. Cts. 52(I)(G) (rev. 1996) requires an appellant to file a statement of errors with the district court within 10 days of the filing of the *bill of exceptions* in that court. The appeal is limited to those errors assigned and discussed; however, the district court may, at its option, notice plain error. *Id.*; *In re Estate of Soule*, 248 Neb. 878, 540 N.W.2d 118 (1995).

Fiedler cites *State v. Gerstner*, 244 Neb. 508, 507 N.W.2d 490 (1993), for the proposition that the 10-day period should be expanded when the bill of exceptions is filed late. *Gerstner*, of course, was decided under rule 52(I)(G) (rev. 1992), which required the filing of the statement of errors within 10 days of the *notice of appeal*. Since the bill of exceptions was filed late in that case, the appellant's failure to submit a complete statement of errors within 10 days of filing the notice of appeal was excused. The rationale in *Gerstner* was that attorneys must be afforded the benefit of reviewing the bill of exceptions in order to submit a complete statement of errors. Obviously, this rationale does not benefit Fiedler under the newer version of rule 52(I)(G). Fiedler had 10 days from the date of the filing of the bill of exceptions in which to file a statement of errors. She failed to do so, and the district court properly limited its review to plain error.

Absent a statement of errors, our review is likewise limited to a review for plain error. *In re Estate of Soule, supra.*

*Advisory Form and Sufficiency of Evidence.*

In her third assigned error, Fiedler asserts that her postarrest advisement form was inadequate. The State concedes that the postarrest advisement form read to Fiedler prior to her submission to a chemical breath test is the same as or substantially similar to the form used in *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995), and *State v. Hingst*, 251 Neb. 535, 557 N.W.2d 681 (1997). See, also, *State v. Christner*, 251 Neb. 549, 557 N.W.2d 707 (1997); *State v. Emrich*, 251 Neb. 540, 557 N.W.2d 674 (1997); *State v. Connick*, 5 Neb. App. 176, 557 N.W.2d 713 (1996). In all of these cases, it was determined that the form was inadequate, as it failed to fully inform the driver of the consequences of submitting to a chemical test. *Id.* In *State v. Hingst*, 4 Neb. App. 768, 550 N.W.2d 686 (1996), *aff'd* 251 Neb. 535, 557 N.W.2d 681 (1997), and *State v. Connick, supra*, this court determined that the inadequacy of the advisement form constituted plain error. As such, it was error to admit the results of the chemical test obtained subsequent to the inadequate advisement form. See *id*. The same is true in this case. Thus, it was plain error for the county court to admit the results

of Fiedler's chemical test. This, however, does not entitle Fiedler to an automatic reversal.

In a bench trial of a law action, including a criminal case tried without a jury, erroneous admission of evidence is not reversible error if other relevant evidence, admitted without objection or properly admitted over objection, sustains the trial court's factual findings necessary for the judgment or decision reviewed; therefore, an appellant must show that the trial court actually made a factual determination, or otherwise resolved a factual issue or question, through use of erroneously admitted evidence in a case tried without a jury. *State v. Christner, supra.* See, also, *State v. Emrich, supra.*

Under *Christner* and *Emrich*, the next step of our analysis requires an examination of the trial court's findings and the sufficiency of the properly admitted evidence to sustain those findings. However, the State argues that we must presume that the evidence sustains the trial court's judgment of conviction because Fiedler has failed to include in the record the municipal ordinance that she was convicted of violating. The State cites *State v. Buescher*, 240 Neb. 908, 485 N.W.2d 192 (1992), as precluding an examination of the sufficiency of the evidence and compelling an affirmance of Fiedler's conviction in this case.

The court in *Buescher*, following a long line of precedent, not all without controversy, stated:

> [A]n analysis of assignments of error claiming that the evidence is insufficient to support a conviction under a municipal ordinance and that the sentence is excessive requires an examination of the specific ordinance involved. It is well established that an appellate court will not take judicial notice of an ordinance not in the record but *assumes* that a valid ordinance creating the offense charged exists, *that the evidence sustains the findings of the trial court*, and that the sentence is within the limits set by the ordinance.

(Emphasis supplied.) 240 Neb. at 909, 485 N.W.2d at 193. See, also, *State v. Lewis*, 240 Neb. 642, 483 N.W.2d 742 (1992) (Shanahan, J., concurring; Grant, J., concurring, joined by Boslaugh J.; and Caporale, J., dissenting); *State v. King*, 239

Neb. 853, 479 N.W.2d 125 (1992); *State v. Topping*, 237 Neb. 130, 464 N.W.2d 799 (1991); *State v. Brooks*, 5 Neb. App. 5, 554 N.W.2d 168 (1996). As explained in *King*, "In the absence from the record of the applicable municipal ordinance, an appellate court *presumes that the evidence sustains the findings of the trial court . . . .*" (Emphasis supplied.) 239 Neb. at 854, 479 N.W.2d at 126.

As stated above, the principles found in *Christner* and *Emrich* require an examination of the sufficiency of the properly admitted evidence to determine whether the erroneous admission of evidence warrants a reversal. However, the rule in *Buescher*, as we read it, clearly requires an appellate court to *assume*, inter alia, the sufficiency of the evidence to sustain the findings of the trial court. *Buescher* effectively precludes appellate examination of the sufficiency of evidence issue in these circumstances. Only if we were to ignore *Buescher* and long-standing Nebraska jurisprudence could we examine the sufficiency of the evidence to sustain Fiedler's conviction for DUI. This we are not free to do. Applying *Buescher*, we must assume the evidence is sufficient to sustain Fiedler's conviction. Fiedler's assignment of error in this regard is without merit.

*Ineffective Assistance of Counsel.*

Fiedler asserts in her second assigned error that she received ineffective assistance of counsel. According to Fiedler, her district court appellate counsel was ineffective in that he failed to file a statement of errors, failed to challenge the advisement form, failed to raise and preserve a double jeopardy claim, and failed to challenge the sufficiency of the evidence. She alleges that her trial counsel was ineffective in that he failed to challenge the sufficiency of the advisement form and failed to raise a double jeopardy claim.

■ To sustain a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defendant, that is, demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Schoonmaker*, 249 Neb. 330, 543 N.W.2d 194 (1996). If it is easier, a court may dispose of an

ineffective assistance of counsel claim on the ground that the defendant suffered no prejudice. *Id.*

In view of our analysis above, Fiedler was not prejudiced by her trial counsel's failure to challenge the advisement form or by her district court appellate counsel's failure to file a statement of errors raising that issue or the issue of sufficiency of the evidence. This court has addressed these issues and, as set forth above, Fiedler's conviction must be upheld.

As to the failure to raise or preserve the double jeopardy claim, Fiedler acknowledges that the Nebraska Supreme Court has held that the Double Jeopardy Clause is not violated when criminal charges are brought against a motorist for DUI after the motorist's driver's license has been administratively revoked. See *State v. Hansen*, 249 Neb. 177, 542 N.W.2d 424 (1996). However, she asserts in her brief a continuing need for this issue to be addressed by us to allow it to be later presented to the federal judicial system through a petition for a writ of habeas corpus. We assume Fiedler is referring to the exhaustion of state remedies requirement of 28 U.S.C. § 2254 (1994). Suffice it to say that counsels' failure to present the double jeopardy issue, even if such failure was deficient, caused Fiedler no prejudice, as there is no probability that a different outcome would have ultimately prevailed in these proceedings had it been raised. This assignment is without merit. It is unnecessary to further address Fiedler's separately assigned error alleging double jeopardy violations.

## CONCLUSION

Because the postarrest advisory form was inadequate, results of the chemical test were erroneously admitted. Notwithstanding, absent the admission of the municipal ordinance into evidence, an appellate court assumes that the evidence is sufficient to uphold the conviction. Further, Fiedler suffered no prejudice from counsels' alleged ineffectiveness in not asserting or preserving the issues relating to the advisement form, the sufficiency of the evidence, and double jeopardy.

AFFIRMED.

SIEVERS, Judge, concurring.

This case continues the strange rule in Nebraska jurisprudence which requires a defendant charged under a municipal

ordinance to introduce into evidence the ordinance in order to gain appellate review of the sufficiency of the evidence used to convict. This rule, of course, violates the fundamental precept that a defendant need not introduce any evidence, can silently require the State to meet its burden of proof, and then, if convicted, can exercise his or her constitutional right to appellate review. Nonetheless, the majority rule in *State v. Buescher*, 240 Neb. 908, 485 N.W.2d 192 (1992), must be followed, and I recognize my duty in that regard. Therefore, I concur in the result because it is correct as the law now stands.