. EDWARD DIETZ, APPELLANT, V.
YELLOW FREIGHT SYSTEMS, INC., APPELLEE.
697 N.W.2d 693

Filed June 17, 2005.   No. S-04-1078.

Ryan C. Holsten and Ricardo Enriquez, of Atwood, Holsten & Brown Law Firm, P.C., L.L.O., for appellant.

Caroline M. Westerhold and John R. Timmermier, of Timmermier, Gross & Prentiss, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

### NATURE OF CASE
Edward Dietz appeals from the order of a Workers' Compensation Court review panel which affirmed, as modified, an order entered on remand by the trial court.

### SCOPE OF REVIEW
In reviewing decisions of the Workers' Compensation Court, an appellate court will consider only those errors specifically assigned to the review panel and then reassigned on appeal. See, *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990). See, also, *Faulhaber v. Roberts Dairy Co.*, 147 Neb. 631, 24 N.W.2d 571 (1946).

### FACTS
Dietz was injured in the course of his employment with Yellow Freight Systems, Inc. (Yellow Freight), while operating a forklift. He suffered injuries to his lower back, right arm, and head.

Dietz filed a petition for benefits in the Workers' Compensation Court. The trial court subsequently entered an award finding that Dietz had suffered an accident while engaged in the duties of his employment with Yellow Freight. He was awarded 9 weeks of temporary total disability and 45²/₇ weeks of temporary partial disability. The court found that Dietz was currently totally disabled, and Yellow Freight was ordered to pay Dietz benefits for so long as he remained permanently and totally disabled. Yellow Freight was also ordered to pay $568 in medical bills, and Dietz was awarded attorney fees of $10,833.

In addition, the trial court found that Dietz had been assessed an 8-percent permanent partial disability rating as to his right arm and that he was entitled to benefits for 18 weeks for this permanent partial disability. The court concluded that Yellow Freight had improperly delayed the payment of benefits for the member impairment. It ordered Yellow Freight to pay such benefits and assessed a 50-percent waiting-time penalty plus interest on any unpaid compensation.

Yellow Freight appealed the entire award to a review panel of the compensation court. Dietz cross-appealed, alleging that the trial court erred in failing to make a reasoned decision concerning his entitlement to attorney fees and interest on the penalty for late payment of benefits for the impairment to his right arm.

The review panel affirmed the award in all but two respects. It found that the trial court had erred in failing to state whether any portion of the attorney fees was related to the late payment of benefits for Dietz' member impairment. The review panel also found that the imposition of $10,833 in attorney fees for the late payment of $568 in medical expenses was unreasonable. It remanded the matter and directed the trial court to determine attorney fees pursuant to Neb. Rev. Stat. § 48-125 (Reissue 2004) for the late payment of benefits for the impairment rating and the late payment of medical expenses described in the original award.

On remand, the trial court found that attorney fees of $2,500 should be awarded to Dietz for the late payment of medical expenses and benefits for his member impairment; however, the court did not specify how much of the total was allocated to the medical expense claim versus the member impairment claim.

Yellow Freight appealed the amount of attorney fees awarded, and Dietz cross-appealed. While the record does not disclose the exact nature of this cross-appeal, it can be inferred that Dietz claimed the trial court erred in failing to award interest pursuant to § 48-125(2) when awarding attorney fees.

The review panel subsequently affirmed the award of $2,500 in attorney fees and imposed additional attorney fees of $1,500 for the appeal. Addressing Dietz' cross-appeal, the review panel noted that, as in the original award, the trial court's order on remand contained language to the effect that Dietz was entitled to interest on any unpaid compensation. The review panel held that Dietz was entitled to interest pursuant to § 48-125(2) because he was awarded attorney fees. Accordingly, the review panel modified the order on remand to clarify that pursuant to § 48-125(2), Dietz was entitled to interest for the late payment of benefits for the member impairment. Dietz perfected a timely appeal.

## ASSIGNMENT OF ERROR

On appeal, Dietz assigns as error that the review panel erred in limiting the assessment of interest to the late payment of benefits for his member impairment, rather than assessing interest on the entire award.

## ANALYSIS

The original award of the trial court ordered Yellow Freight to pay Dietz for past temporary total disability, past temporary partial disability, and future permanent total disability. The court also awarded Dietz past permanent partial disability benefits for his member impairment, a waiting-time penalty, and interest on any unpaid compensation. In addition, Dietz was awarded attorney fees related to the late payment of certain medical expenses.

Section 48-125(2) states in relevant part: "When an attorney's fee is allowed pursuant to this section, there shall further be assessed against the employer an amount of interest on the final award obtained . . . ." Dietz contends that pursuant to § 48-125(2), he is entitled to interest on the entire amount of the "final award obtained." Thus, he claims that the review panel should have assessed interest on both the late payment of benefits for the member impairment and the difference between the permanent partial disability benefits paid by Yellow Freight prior

to entry of the original award and the permanent total disability award that was ultimately granted. The question before this court is whether Dietz has properly preserved this issue on appeal.

Generally, the rule has been that an appellate court will consider only those errors specifically assigned in the lower court and again assigned as error on appeal to the appellate court. See *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990). In *Erlewine*, we stated that the Supreme Court, in reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the Supreme Court. This rule is also applicable to appeals in workers' compensation cases.

Neb. Rev. Stat. § 48-179 (Reissue 2004) states in part:

> Either party at interest who refuses to accept the final findings, order, award, or judgment of the Nebraska Workers' Compensation Court on the original hearing may, within [14] days after the date thereof, file with the compensation court an application for review before the compensation court, plainly stating the errors on which such party relies for reversal or modification and a brief statement of the relief sought.

Workers' Comp. Ct. R. of Proc. 12 (2004) states that the party or parties appealing to the three-judge panel will be bound by the allegations of error contained in the application for review and will be deemed to have waived all others.

In *Faulhaber v. Roberts Dairy Co.*, 147 Neb. 631, 24 N.W.2d 571 (1946), we were presented with a situation similar to the appeal at bar. The plaintiff's application for workers' compensation benefits was originally denied for insufficiency of the evidence. Under the procedure then in effect, the plaintiff obtained a rehearing and was granted an award for temporary total disability. The defendant appealed to the district court, which affirmed the award. The defendant then appealed to this court, and the plaintiff cross-appealed.

On cross-appeal, one of the plaintiff's contentions was that the district court should have awarded him attorney fees for services rendered in the compensation court. As to this contention, we stated that the record did not disclose that the plaintiff had raised

the issue either in the compensation court or in a cross-appeal to the district court. We concluded the issue was not presented for decision and required no further discussion.

In the case at bar, Yellow Freight timely appealed from the original award, and Dietz cross-appealed. Dietz argued on cross-appeal that he was entitled to additional attorney fees for the late payment of benefits for the member impairment. Dietz did not complain that the trial court should have awarded interest on the entire award in addition to attorney fees.

The review panel found that Dietz was entitled to attorney fees for the late payment of medical expenses and the benefits arising from his member impairment. However, it remanded the cause for a determination of the amount of attorney fees only. On remand, the trial court determined that Dietz should be awarded $2,500 in attorney fees. Yellow Freight appealed the award of attorney fees, and Dietz cross-appealed, asserting for the first time that the trial court should have awarded interest pursuant to § 48-125(2). The review panel affirmed the award of attorney fees and assessed additional attorney fees for the appeal. For purposes of clarification, the review panel modified the order on remand to provide for interest with respect to the late payment for the member impairment. Dietz now assigns as error the review panel's failure to award interest on his entire award.

When the review panel remanded the case to the trial court, it did so only for the determination of attorney fees. Therefore, the award of attorney fees is the only issue which could be considered by this court on appeal. On appeal from the original award, Dietz could have raised the issue he attempts to raise in this appeal. He could have argued that the award of attorney fees for late payment of medical expenses entitled him to interest on the entire amount of the "final award obtained," pursuant to § 48-125(2). He could have argued, as he does now, that the award of attorney fees entitled him to interest for the late payment of benefits for the member impairment and the difference between the permanent partial disability benefits paid prior to entry of the original award and the permanent total disability award that was ultimately granted. We do not imply that this position has merit, but, rather, point out that the issue should have been raised on appeal from the original award.

■ Rule 12 dictates that a party appealing from an order of the Workers' Compensation Court waives all allegations of error not assigned in its application for review. If an issue arises from the original award, it should be raised in the hearing before the review panel. Since Dietz did not argue that he was entitled to interest on the entire award in his original cross-appeal, he has failed to preserve the issue for appellate review.

It is true that in the appeal from the order on remand, the review panel addressed Dietz' argument concerning interest. The review panel modified the order on remand to clarify that pursuant to § 48-125(2), Dietz was entitled to interest for the late payment of benefits for the member impairment.

## CONCLUSION

In his original cross-appeal to the review panel, Dietz did not assign as error the failure of the trial court to assess interest on the entire award. His failure to do so precludes him from raising the issue in this appeal. We therefore affirm the order of the review panel.

AFFIRMED.