IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. WASHINGTON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
RASHAD WASHINGTON, APPELLANT.

Filed May 28, 2013.    No. A-12-470.

Appeal from the District Court for Douglas County: PETER C. BATAILLON, Judge. Affirmed in part, and in part vacated and remanded for resentencing.

Daniel R. Stockmann, of Dunn & Stockmann, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

INBODY, Chief Judge.

## INTRODUCTION

Following a remand for proper advisement of good time calculations, Rashad Washington now appeals his convictions and sentences, arguing that there was insufficient evidence to support his convictions, that the sentences imposed were excessive, and that he received ineffective assistance of counsel at his original sentencing hearing.

## PROCEDURAL BACKGROUND

In 2011, a jury found Washington guilty of first degree assault, three counts of use of a deadly weapon to commit a felony, second degree assault, possession of a deadly weapon by a prohibited person, and discharging a firearm in certain cities, villages, and counties. Washington attempted to appeal, and the appeal was docketed in our court at case No. A-11-299; however, Washington had appealed before his sentences were imposed and moved to dismiss his appeal, which request was granted. On April 18, 2011, the district court sentenced Washington to a total

sentence of 70 to 110 years' imprisonment with credit for 387 days served; however, several days later, the court attempted to modify the sentences.

Washington filed a direct appeal of his convictions and sentences, which was docketed in our court at case No. A-11-402. Washington's direct appeal was dismissed by this court for lack of jurisdiction, because he failed to file a proper poverty affidavit. The State also appealed, filing an application to docket error proceedings on the basis that the district court's attempted modification of Washington's sentences was of no effect because a valid sentence had been imposed on April 18, 2011. The State's application to docket error proceedings was granted, and the case was docketed in this court at case No. A-11-416. Washington filed an appellee's brief in case No. A-11-416, but did not file a cross-appeal. This court entered an order to show cause why the appeal should not be summarily reversed and remanded. The State filed a reply to the show cause order, and thereafter, an order was entered by this court summarily reversing the judgment and remanding the cause. This court found that the district court's attempt at resentencing on April 20 was null and void and the sentence imposed on April 18 remained in effect; however, the cause was remanded for proper advisement of good time calculations. In each of the three aforementioned appeals, cases Nos. A-11-299, A-11-402, and A-11-416, Washington was represented by the same counsel that represented him at trial and sentencing.

Upon remand, a hearing was held on May 1, 2012, at which the district court advised Washington that the original sentences imposed on April 18, 2011, were the sentences which he would be serving, which are as follows:

| Count | Offense | Felony | Sentence |
|---|---|---|---|
| Count I | First Degree Assault | Class II | 30-50 years |
| Count II | Use of a Weapon | Class IC | 30-50 years |
| Count III | Second Degree Assault | Class III | 3-5 years |
| Count IV | Use of a Weapon | Class IC | 5-5 years |
| Count VII | Possession by a Felon | Class ID | 5-5 years |
| Count VIII | Discharging Firearm | Class IC | 5-5 years |
| Count IX | Use of a Weapon | Class IC | 5-5 years |

Counts II, IV, and IX were ordered to run consecutively to all counts and to each other, and all other counts were ordered to run concurrently. The district court informed Washington that assuming no loss of good time, he would be eligible for parole in 45 years and eligible for discharge in 55 years. Washington has timely appealed to this court and, for the first time, is represented by new appellate counsel.

## ASSIGNMENTS OF ERROR

Washington contends that there was insufficient evidence to support his convictions, that the sentences imposed were excessive, and that he received ineffective assistance of counsel at the April 18, 2011, sentencing hearing.

## ANALYSIS

Before addressing Washington's assigned errors, we first address the State's argument that the only issue that is properly before this court in this appeal is the district court's good time calculation and advisement upon remand.

After receiving a mandate, a trial court is without power to affect the rights and duties outside the scope of the remand from an appellate court. *State v. Shelly*, 279 Neb. 728, 782 N.W.2d 12 (2010). When a matter is remanded, only issues sent back in the mandate may be considered by an appellate court on appeal. See, *Dietz v. Yellow Freight Systems, Inc.*, 269 Neb. 990, 697 N.W.2d 693 (2005) (when review panel remanded matter to Workers' Compensation Court solely for determination of attorney fees, award of attorney fees was only issue which could be considered by Supreme Court on appeal after remand); *State v. Gales*, 269 Neb. 443, 694 N.W.2d 124 (2005) (allegations raised by defendant which were beyond scope of district court's jurisdiction pursuant to mandate were inappropriate for appellate court to address on appeal).

Following our finding that the district court's attempt at resentencing was null and void and that the earlier pronounced sentences remained in effect, we remanded the cause to the district court on the sole issue of the proper advisement of good time calculations; therefore, the errors assigned by Washington are not properly before this court and cannot be considered. The only issue that can be considered by this court in this appeal following the remand is the good time calculation advisement given by the court. However, this court always reserves the right to note plain error.

An appellate court always reserves the right to note plain error which was not complained of at trial or on appeal. *State v. Scott*, 284 Neb. 703, 824 N.W.2d 668 (2012); *State v. Hilding*, 278 Neb. 115, 769 N.W.2d 326 (2009). Consideration of plain error occurs at the discretion of an appellate court. *State v. Magallanes*, 284 Neb. 871, 824 N.W.2d 696 (2012); *State v. Howell*, 284 Neb. 559, 822 N.W.2d 391 (2012). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Reinpold*, 284 Neb. 950, 824 N.W.2d 713 (2013).

A court is required to sentence a defendant to consecutive terms for each conviction carrying a mandatory minimum term. *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013). "Mandatory minimum sentences cannot be served concurrently. A defendant convicted of multiple counts each carrying a mandatory minimum sentence must serve the sentence on each count consecutively." *Id.* at 191, 826 N.W.2d at 268.

In the instant case, five of Washington's sentences carried mandatory minimum sentences: count II, use of a weapon; count IV, use of a weapon; count VII, possession by a felon; count VIII, discharge of a firearm; and count IX, use of a weapon. Of the sentences imposed for these convictions which carried mandatory minimum sentences, the count ordered two of the sentences, counts III and VIII, to run concurrently to the other sentences imposed. Pursuant to the Nebraska Supreme Court's holding in *Castillas, supra*, any conviction carrying a mandatory minimum sentence must be ordered to be served consecutively. Thus, we must remand the cause with directions that the district court resentence Washington to consecutive sentences on counts III and VIII. See, *State v. Robinson*, 271 Neb. 698, 715 N.W.2d 531 (2006) (appellate court has power on direct appeal to remand cause for imposition of lawful sentence where erroneous one has been pronounced); *State v. Wilson*, 16 Neb. App. 878, 754 N.W.2d 780 (2008).

## CONCLUSION

With the exception of counts III and VIII, Washington's sentences are affirmed. As to those sentences, we find that the sentences themselves are within the statutory sentencing range; however, the district court erred in ordering the sentences to be served concurrently because offenses with mandatory minimum sentences must be served consecutively. Therefore, we vacate the portion of Washington's sentences on counts III and VIII where the court ordered the sentences to run concurrently and remand the cause with directions for the court to order the sentences to be served consecutively. Additionally, upon remand, the district court will also need to recalculate and advise Washington of his good time calculations.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR RESENTENCING.