STATE OF NEBRASKA, APPELLANT, V.
JAMES Y. PATHOD, APPELLEE.

690 N.W.2d 784

Filed January 14, 2005. No. S-03-1410.

Gail E. Collins, Deputy Madison County Attorney, for appellant.

Tom D. Hockabout, of Moyer, Moyer, Egley, Fullner & Warnemunde, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The State of Nebraska filed an application for leave to docket an appeal under Neb. Rev. Stat. § 29-2315.01 (Reissue 1995). The issue is whether a district court, when sentencing a defendant, must advise and provide written notification of the requirements of Nebraska's Sex Offender Registration Act (the Act), Neb. Rev. Stat. § 29-4001 et seq. (Cum. Supp. 2002). We determine that the court must provide written notification at sentencing. It also must provide copies of the notification and journal entry to various parties. But we also conclude that the failure to do so was harmless because the defendant signed a notice the day after sentencing and had completed serving his sentence when this appeal was heard. The State's exception is sustained.

## BACKGROUND

The State charged the appellee, James Y. Pathod, with one count of sexual assault in violation of Neb. Rev. Stat. § 28-320(1)(a) (Reissue 1995). At arraignment, the district court advised Pathod of the Act's requirements. Pathod pled no contest, and sentencing was set for a later date.

The record does not show that the district court informed Pathod of the Act's requirements at sentencing. The day after sentencing, however, Pathod signed a notification of registration responsibilities under the Act. That notification was also signed by the district court judge. The record shows—and the State's attorney confirmed at oral argument—that Pathod has completed serving his sentence.

The State timely filed an application for leave to docket an appeal under § 29-2315.01. The district court signed the application, and the application was filed in this court.

## ASSIGNMENT OF ERROR

The State assigns that the district court erred when at sentencing it failed to advise and provide written notification to Pathod of his duty to register under the Act.

## STANDARD OF REVIEW

■ Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the

court below. *Campbell v. Omaha Police & Fire Ret. Sys.*, 268 Neb. 281, 682 N.W.2d 259 (2004).

## ANALYSIS

The State argues that the court had a duty to inform Pathod, in writing, at sentencing about his duty to register under the Act. The State further contends that because the court failed to inform Pathod about the Act that the cause should be remanded for resentencing.

Section 29-4007 provides:

(1) When sentencing a person convicted of a registrable offense under section 29-4003, the court shall:

(a) Provide written notification of the duty to register under the Sex Offender Registration Act at the time of sentencing to any defendant who has pleaded guilty or has been found guilty of a registrable offense under section 29-4003. . . .

. . . .

(b) Require the defendant to read and sign a form stating that the duty of the defendant to register under the Sex Offender Registration Act has been explained;

(c) Retain a copy of the written notification signed by the defendant; and

. . . .

A copy of the signed, written notification and the journal entry of the court shall be provided to the county attorney, the defendant, the sex offender registration and community notification division of the Nebraska State Patrol, and the county sheriff of the county in which the defendant resides or is temporarily domiciled.

. . . .

(3)(a) The Department of Correctional Services or a city or county correctional or jail facility shall provide written notification of the duty to register pursuant to the Sex Offender Registration Act to any person committed to its custody for a registrable offense under section 29-4003 prior to the person's release from incarceration.

Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation

to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Woodhouse Ford v. Laflan*, 268 Neb. 722, 687 N.W.2d 672 (2004). As a general rule, the word "shall" is considered mandatory and is inconsistent with the idea of discretion. *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002). See, also, *State v. Rodriguez*, 11 Neb. App. 819, 660 N.W.2d 901 (2003) (construing term "shall" in § 29-4005 of Act).

Here, the Act's plain language states that when sentencing a person, the court "shall" provide written notification and copies of the notification and corresponding journal entry to various parties. Thus, we determine that the Act's requirements are mandatory.

Pathod argues, however, that because he was in county jail, the duty to inform him of the Act shifted to jail personnel under § 29-4007(3)(a). We disagree. The Act does not shift the burden to notify. Instead, it requires multiple entities to provide notification. Thus, the Act required the court to provide notification at sentencing and jail personnel to provide additional notification before Pathod was released from incarceration.

The record, however, does not contain a journal entry showing that written notification was given at sentencing. Because the court was required to provide written notification under the Act and provide a journal entry, we determine that the court erred. Compliance with the Act's technical procedures are important because if they are not properly followed, defendants may seek to use that failure to attack the validity of their conviction or sentence. See, e.g., *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002); *State v. Rodriguez, supra*.

Having determined that the court erred by failing to provide written notification and a journal entry, we address whether Pathod should be resentenced. The State argues that resentencing is appropriate and that double jeopardy does not apply. We do not reach the issue of double jeopardy because we determine that the court's failure to follow procedure was harmless.

Errors, other than structural errors, which occur within the trial and sentencing process, are subject to harmless error review. *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999). Here, although the record does not contain a journal entry or evidence that notification was given at sentencing, it does contain a notice

signed by Pathod and the district court judge that was filed the day after sentencing. In addition, the record shows that Pathod has completed serving his sentence. Concerns about using the failure to provide notification in court to attack the conviction and sentence are lessened, if not eliminated, when the sentence has already been served. Accordingly, we determine that the error was harmless.

## CONCLUSION

We conclude that the district court erred when it failed at sentencing to provide written notification in court and failed to provide a journal entry showing that the notification was given. However, the error was harmless because Pathod signed a written advisory form and has already served his sentence.

EXCEPTION SUSTAINED.