CLIFTON MCCRAY, APPELLANT, V.
NEBRASKA STATE PATROL, APPELLEE.

701 N.W.2d 349

Filed July 22, 2005. No. S-04-395.

Jeffry D. Patterson, of Bartle & Geier Law Firm, for appellant.

Jon Bruning, Attorney General, Mark D. Starr, and Jeffrey J. Lux for appellee.

CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Clifton McCray challenges his classification as a Level 3 sex offender under the Sex Offender Registration Act (SORA), Neb. Rev. Stat. § 29-4001 et seq. (Cum. Supp. 2004). The district court for Lancaster County affirmed the order of the superintendent of the Nebraska State Patrol (NSP), upholding McCray's classification.

## BACKGROUND

In 1998, McCray was convicted of three counts of third degree sexual assault, which brought him within the purview of SORA. A risk assessment was performed on McCray, pursuant to SORA, to determine his risk of reoffending. At the time McCray's risk assessment was completed, McCray's criminal history reflected

a number of charges and convictions, which were used to score his assessment. These included convictions for the violation of a restraining order, operation of a motor vehicle without an operator's license, and the injury or destruction of another's property, as well as charges for failing to appear in court and the injury or destruction of another's property. McCray's criminal record also included eight sexual assault charges. Of those, three resulted in convictions, three were dismissed, and two were filed with other citations.

Based upon answers to the 14 factors, or "items," composing the risk assessment instrument, McCray received a score of 195 and was classified as a Level 3, or high risk, sex offender. In October 2002, McCray filed a request for a hearing to contest his classification. On October 2, 2003, a hearing was held before a hearing officer regarding McCray's classification.

At the hearing, McCray made two primary challenges to the scoring of his risk assessment instrument. McCray argued that his non-sex-related convictions should not have been used to score items 2 and 14 because those convictions had been set aside in May 2003, pursuant to Neb. Rev. Stat. § 29-2264 (Cum. Supp. 2002). McCray was assessed 30 points for item 2 for having three or more convictions for non-sex-related offenses other than traffic infractions. He was assessed 20 points for item 14 for having 24 months or less time between his most recent arrest for a felony and/or Class I or II misdemeanor conviction and his prior release from court-ordered confinement or supervision.

McCray also contested his point assessment under item 9. Sex offenders are assessed points for item 9 based upon the nature of their sexual assault. McCray was assigned 30 points for item 9, which included 5 points for conduct falling within the "Fondling/Manipulate/Seduce/Coerce/Authority" category, and 25 points for conduct falling within the "Physical Force or Violence/Restrained Victim/Threatened with Weapon or Dangerous Object" category. These points were assessed based upon exhibits 6, 7, and 8, which are unsworn victim statements taken by the Lincoln Police Department on January 14 and 15, 1997. McCray argued that it was improper to assess points for item 9 based on the victim statements because it was not clear from the record whether they related to a conviction or a dismissed or withdrawn charge.

On October 17, 2003, the hearing officer recommended that McCray's classification as a Level 3 sex offender be upheld. In her order, the hearing officer found that "because an order setting aside a conviction does not completely negate the conviction, proceedings such as sex offender risk assessment . . . may properly consider convictions which have been set aside." The hearing officer further found with respect to item 9 that the risk assessment manual does not require that an offender be convicted or even charged for the offense. Rather, there must merely be evidence of physical force or restraint in official documentation.

The NSP, on September 3, 2002, adopted the hearing officer's recommendation in full. On November 13, 2003, pursuant to the Administrative Procedure Act, see Neb. Rev. Stat. § 84-901 et seq. (Reissue 1999 & Supp. 2003), McCray filed a petition in the district court appealing his classification as a Level 3 sex offender. The district court affirmed McCray's classification and McCray filed this appeal.

## ASSIGNMENT OF ERROR

McCray assigns, restated and consolidated, that the district court erred in finding that competent evidence supported the scoring of items 2, 9, and 14 on the risk assessment instrument.

## STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Lein v. Nesbitt*, 269 Neb. 109, 690 N.W.2d 799 (2005). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable. *Id.* Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Id.* An appellate court, in reviewing a district court judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Id.*

 Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *State v. Pathod*, 269 Neb. 155, 690 N.W.2d 784 (2005). Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Id.*

## ANALYSIS

We have recently considered several challenges to SORA. See, *State v. Pathod, supra*; *Lein v. Nesbitt, supra*; *Welvaert v. Nebraska State Patrol*, 268 Neb. 400, 683 N.W.2d 357 (2004); *Slansky v. Nebraska State Patrol*, 268 Neb. 360, 685 N.W.2d 335 (2004); *State v. Worm*, 268 Neb. 74, 680 N.W.2d 151 (2004). The pertinent features of SORA and the rules and regulations that implement SORA were discussed in detail in *Slansky* and *Worm*. In *Slansky*, we also discussed the risk assessment instrument that was developed to classify sex offenders under SORA. As we have done previously, we direct the reader to *Slansky* and *Worm* for background information regarding SORA.

Under the broad assignment of error, McCray makes two arguments: (1) The use of convictions previously set aside to score items 2 and 14 was improper and (2) the use of victim statements containing allegations of physical force or restraint by McCray was improper because it is not clear from the record whether that conduct formed the basis of a conviction, a dismissed charge, or a withdrawn charge.

### USE OF CONVICTIONS SET ASIDE UNDER § 29-2264
### TO SCORE CONVICTED SEX OFFENDER'S
### RISK ASSESSMENT INSTRUMENT

 McCray argues that it was improper for the NSP to assess him points on his risk assessment instrument for convictions which were set aside pursuant to § 29-2264. Under § 29-2264(4), if a court sets aside a conviction, it is required to nullify the conviction and remove all civil disabilities imposed as a result of that conviction, except as otherwise provided by § 29-2264(5). The record reflects that McCray's three non-sex-related convictions were set aside pursuant to § 29-2264 in May 2003. However,

McCray's risk assessment instrument was completed in September 2002. Thus, at the time McCray's risk assessment was completed, McCray's convictions had not yet been set aside. The question presented, therefore, is whether civil disabilities are restored under § 29-2264 as of the date a conviction is set aside or whether they can be restored retroactively.

■ Statutory interpretation presents a question of law, and an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Rauscher v. City of Lincoln*, 269 Neb. 267, 691 N.W.2d 844 (2005). In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State v. Spady*, 264 Neb. 99, 645 N.W.2d 539 (2002).

Section 29-2264(2) provides:

> Whenever any person is convicted of a misdemeanor or felony and is placed on probation by the court or is sentenced to a fine only, he or she may, after satisfactory fulfillment of the conditions of probation for the entire period or after discharge from probation prior to the termination of the period of probation and after payment of any fine, petition the sentencing court to set aside the conviction.

When the sentencing court believes that setting aside the conviction will be in the best interest of the offender and consistent with the public welfare, the court may grant the petition and issue an order setting aside the conviction. § 29-2264(4).

We believe the plain language of § 29-2264 indicates the Legislature's intent that the removal of civil disabilities operate prospectively from the date of the order setting aside a defendant's conviction. While a defendant is entitled to petition the court to have a conviction set aside upon the completion or discharge from probation, a sentencing court is not required to grant the defendant's petition at that time. Rather, § 29-2264(4) provides that a defendant's petition should not be granted until the sentencing court believes that setting aside the conviction "will be in the best interest of the offender and consistent with the public welfare."

In the instant case, McCray's convictions were not set aside until after his risk assessment instrument was completed. Because

Mccray's record at the time the risk assessment was completed reflected three non-sex-related convictions when the risk assessment instrument was completed, we conclude that the convictions were properly considered. We express no opinion, however, on what effect the convictions that were set aside would have had on McCray's SORA assessment if the assessment had occurred after the convictions were set aside.

### USE OF CONDUCT FOR WHICH SEX OFFENDER WAS NOT CONVICTED TO SCORE ITEM 9

■ Having determined that items 2 and 14 were properly scored, we need not address whether item 9 was properly scored. Assuming, arguendo, that item 9 was improperly scored, the hearing officer was still presented with evidence that established that McCray had a risk assessment score of 165, or 35 points more than needed to classify him as a Level 3 offender. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *Smith v. Colorado Organ Recovery Sys.*, 269 Neb. 578, 694 N.W.2d 610 (2005).

### CONCLUSION

For the reasons discussed, we conclude that McCray was properly classified as a Level 3 offender. Therefore, the judgment of the district court is affirmed.

AFFIRMED.

HENDRY, C.J., and WRIGHT, J., not participating.