STATE OF NEBRASKA, APPELLANT,
v. RENEE GRIFFIN, APPELLEE.
705 N.W.2d 51

Filed October 28, 2005.   No. S-05-062.

Edward H. Matney, Dakota County Attorney, for appellant.

Bryan E. Smith, Jr., Dakota County Public Defender, and on brief, William L. Binkard, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

The State brings this appeal pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2004), contending that the district court for Dakota County, sitting as an intermediate appellate court, erred in modifying an appeal bond and determining that a criminal sentence entered by the county court for Dakota County was excessive. While we find no error in the modification of the appeal bond, we conclude that the district court erred in determining that the sentence was excessive.

## BACKGROUND

A complaint charging Renee Griffin with third degree assault was filed in the county court on May 25, 2004. During a group

arraignment on the same day, Griffin was advised of her Fifth and Sixth Amendment rights. The court then examined Griffin individually and ascertained that she understood her rights and wished to waive reading of the complaint. The court further determined that Griffin wished to proceed without an attorney, even though she had previously filed an affidavit of financial condition. After Griffin indicated that she wished to plead guilty, the State provided a factual basis for the charge, which included allegations that Griffin was one of four persons who assaulted a victim at a bar in Homer, Nebraska, on May 20. According to the prosecutor, Griffin struck the victim with a drinking glass on the head and elbow, causing a tendon in the victim's elbow to be severed. After the factual basis was given, the court asked Griffin whether that was what had happened and Griffin responded, "No." When asked by the court, "Well, what happened? Did you assault this lady, yes or no?" Griffin responded, "Yes." Griffin then clarified that she wanted the court to accept her guilty plea. After examining Griffin to ascertain that she understood the consequences of a guilty plea, the court determined that she had entered the plea knowingly, voluntarily, and intelligently, and found her guilty of the charged offense.

Griffin then informed the court that she wished to proceed to sentencing without an attorney. The State recommended that Griffin be sentenced to the statutory maximum of 1 year in jail and a $1,000 fine due to the serious nature of the assault and the severity of the injuries suffered by the victim, which it alleged could result in permanent disfigurement. See Neb. Rev. Stat. § 28-106 (Cum. Supp. 2004). When asked if she had anything to say with respect to sentencing, Griffin replied only that she had a 2-year-old son and that "due to the stupidity of my actions that night . . . I believe I learned my lesson." The county judge sentenced Griffin to 350 days in jail, noting, "I could've sent you to the penitentiary. Your actions are, as you've indicated, very stupid. There's no excuse for them."

On June 23, 2004, Griffin filed a notice of appeal "from the judgment and sentence of the [county] court entered herein on May 25, 2004, for the reason that said sentence was excessive." The notice of appeal was signed by Griffin and an attorney appearing on her behalf. Griffin did not file a separate statement

of errors with the district court, as required by Neb. Ct. R. of Cty. Cts. 52(I)(G) (rev. 2000). On June 25, the county court issued an order suspending Griffin's period of confinement during the appeal on the condition that she either enter into a written recognizance with the State of Nebraska in the amount of $10,000 with surety or sureties approved by the county court or deposit a cash bond of $1,000. See Neb. Rev. Stat. § 25-2730(3) (Cum. Supp. 2004). On or about July 20, while the appeal was pending, Griffin filed a motion requesting that the district court reduce the terms of her appeal bond. See § 25-2730(6). On August 3, the district court granted the motion and reduced the bond requirement to a recognizance of $10,000 secured by Griffin's signature.

On December 8, 2004, the district court entered an order finding that the assignment of error in Griffin's appellate brief "complied in substance" with the requirements of rule 52. The court thereafter analyzed whether the county court abused its discretion in sentencing Griffin. Finding that the sentence was nearly the statutory maximum, that the county court failed to order a presentence investigation, and that the county court did not articulate sufficient reasons for its imposition of the sentence, the district court concluded that the sentence imposed was excessive, and reversed, and remanded for further proceedings. The State requested and was granted leave to file this appeal pursuant to § 29-2315.01.

## ASSIGNMENTS OF ERROR

The State assigns, restated and renumbered, (1) that the district court erred in modifying the appeal bond to a personal recognizance bond with no surety; (2) that the district court, sitting as an intermediate appellate court, erred in reviewing Griffin's appeal of her sentence under an abuse of discretion standard when Griffin failed to timely file a statement of errors with the district court; (3) that the district court erred in concluding that the county court abused its discretion in imposing Griffin's sentence.

## STANDARD OF REVIEW

Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the

court below. *State v. Jonusas*, 269 Neb. 644, 694 N.W.2d 651 (2005); *State v. Pathod*, 269 Neb. 155, 690 N.W.2d 784 (2005).

■ Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Losinger*, 268 Neb. 660, 686 N.W.2d 582 (2004).

## ANALYSIS

### MODIFICATION OF APPEAL BOND

Section 25-2730 governs the initial setting and subsequent modification of bonds in criminal appeals from county to district court. The statute provides in pertinent part:

(3) . . . Execution of a sentence to a period of confinement shall be suspended only if (a) the county court, in its discretion, allows the defendant to continue at liberty under the prior recognizance or bail or (b) the defendant enters into a written recognizance to the State of Nebraska, with surety or sureties approved by the county court or with a cash bond, filed with the clerk of the county court. The condition of the recognizance shall be that the defendant will prosecute the appeal without delay and abide and perform the judgment and sentence of the district court. Upon the filing of the notice of appeal, the county court shall fix the amount of the recognizance or cash bond, which shall be a reasonable amount. The cash bond shall be returned upon the fulfillment of the conditions of the bond.

. . . .

(6) In any case, the district court, on motion after notice and hearing and upon such terms as justice shall require, may stay any order or judgment appealed from, order a renewal or additional surety of an undertaking, or order the amount of the undertaking or recognizance increased or decreased. The action of the district court shall be certified by the clerk to the clerk of the county court.

The State does not question that the district court was authorized by § 25-2730(6) to amend the terms of Griffin's bond. However, it contends that the statute does not permit the district

court to alter the form of the bond from a cash or surety bond specified in § 25-2730(3) to a personal recognizance bond with no approved surety.

There is no prior case law interpreting § 25-2730. Whether the statute permits the bond reduction ordered by the district court is an issue of statutory interpretation for which we are required to make an independent conclusion. See, *State v. Jonusas, supra*; *State v. Pathod, supra*. We conclude that the plain meaning of that portion of § 25-2730(6) which authorizes the district court to "order the amount of the undertaking . . . increased or decreased" permitted the reduction of the appeal bond in this case to "a recognizance bond of $10,000 secured by the signature of [Griffin]." This is consistent with the general discretion of the district court to prescribe the amount and conditions of an appeal bond in a criminal case. See *State v. Dawn*, 246 Neb. 384, 519 N.W.2d 249 (1994).

SENTENCE

■ An order of the district court reversing a judgment of the county court in a criminal case, vacating the sentence, and remanding the case for imposition of sentence may be reviewed under § 29-2315.01. *State v. Schall*, 234 Neb. 101, 449 N.W.2d 225 (1989). In this case, the State contends that appellate review is limited to plain error because Griffin did not properly assign error in her appeal to the district court by complying with rule 52(I)(G). That rule requires that "[w]ithin 10 days of the filing of the bill of exceptions in the district court, the appellant shall file with the district court a statement of errors, which shall consist of a separate, concise statement of each error a party contends was made by the trial court." *Id.* The rule further states that "[c]onsideration of the case will be limited to errors assigned and discussed," although "[t]he district court may, at its option, notice a plain error not assigned." *Id.* The record in this case reflects that the bill of exceptions was filed in the district court on July 14, 2004. As noted above, Griffin did not file a statement of errors as required by rule 52(I)(G). However, the district court found that she had "complied in substance" with the rule because her brief on appeal submitted on July 20 raised the issue of excessive sentence.

Where no timely statement of errors is filed in an appeal from a county court to a district court, appellate review is limited to plain error. See *Miller v. Brunswick*, 253 Neb. 141, 571 N.W.2d 245 (1997). See, also, *In re Estate of Soule*, 248 Neb. 878, 540 N.W.2d 118 (1995); *State v. Fiedler*, 5 Neb. App. 629, 562 N.W.2d 380 (1997), *affirmed* 253 Neb. 727, 571 N.W.2d 789 (1998). We disagree with the conclusion of the district court that assignments of error in an appellate brief constitute compliance with rule 52(I)(G), inasmuch as such briefs are not filed of record in the district court.

However, the record reflects that Griffin specifically raised the issue of excessive sentence in her notice of appeal which was filed in the county court on June 23, 2004, and included in the transcript filed in the district court pursuant to rule 52(I)(B)(1)(c). In *State v. Boye*, 1 Neb. App. 548, 550, 499 N.W.2d 860, 861 (1993), the Nebraska Court of Appeals considered a criminal appeal that originated in the county court and was appealed to the district court pursuant to a notice of appeal, which notice recited that the " 'conviction is contrary to law,' " that " 'certain evidence was improperly entered over objection,' " and that " 'the sentence imposed is excessive.' " No statement of errors was filed pursuant to rule 52(I)(G). The Court of Appeals held that the notice of appeal was not an adequate substitute for a statement of errors, except for the claim of excessive sentence. The court reasoned that the "purpose of the rule is to specifically direct the attention of the reviewing court to precisely what error was allegedly committed by the lower court and to advise the nonappealing party of what is specifically at issue in the appeal" and concluded that the statement in the notice of appeal claiming excessive sentence "is concise, fulfills the purpose of the rule, and will be reviewed by this court as an assigned error." 1 Neb. App. at 550, 499 N.W.2d at 861. We reach the same conclusion here, and thus, we treat the issue of excessive sentence as assigned error. Thus, the issue before us is whether the district court, sitting as an intermediate appellate court, erred in concluding that the county court abused its discretion in sentencing Griffin to serve a term of confinement of 350 days, with credit for time served. See *State v. Schall*, 234 Neb. 101, 449 N.W.2d 225 (1989).

In considering a sentence to be imposed, the sentencing court is not limited in its discretion to any mathematically applied set of factors. *State v. Anglemyer*, 269 Neb. 237, 691 N.W.2d 153 (2005); *State v. Losinger*, 268 Neb. 660, 686 N.W.2d 582 (2004). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* Factors a judge should consider in imposing a sentence include the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *Id.* A sentencing court has broad discretion as to the source and type of evidence and information which may be used in determining the kind and extent of the punishment to be imposed, and evidence may be presented as to any matter that the court deems relevant to the sentence. *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *State v. Anglemyer, supra.*

Griffin was convicted of assault in the third degree, a Class I misdemeanor punishable by a maximum of 1 year's imprisonment, a $1,000 fine, or both. See Neb. Rev. Stat. §§ 28-310 (Reissue 1995) and 28-106. The record reflects that Griffin's crime involved considerable violence and resulted in a significant injury. The transcript includes the affidavit of the arresting officer stating that according to witnesses, Griffin engaged in a fistfight with the victim while in a bar and then dragged the victim to the ground and struck her with a glass until it broke, severing a tendon in the victim's elbow. These facts were recited by the prosecutor as the factual basis for Griffin's plea. In recommending a maximum sentence, the prosecutor further represented that the victim would require surgery and may have permanent disfigurement due to the injury inflicted by Griffin.

The transcript includes the citation issued to Griffin which lists her date of birth as April 23, 1979. The record does not reflect information concerning Griffin's prior criminal record, if any, or her mentality, education, experience, or social or cultural background, which would generally be included in a report of presentence investigation. See Neb. Rev. Stat. § 29-2261 (Cum. Supp. 2004). No presentence investigation was ordered in this case. Because Griffin's offense was a Class I misdemeanor, the county court could have ordered a presentence investigation, but was not required to do so. See, § 29-2261(1) and (2); *State v. Jablonski*, 199 Neb. 341, 258 N.W.2d 918 (1977), *overruled on other grounds, State v. Gerber*, 206 Neb. 75, 291 N.W.2d 403 (1980); *State v. Cardin*, 194 Neb. 231, 231 N.W.2d 328 (1975). The only mitigating information offered by Griffin when she appeared for sentencing was that she was the mother of a 2-year-old child and that due to the "stupidity" of her actions, she felt that she had learned a lesson. The county judge commented that the victim would "have to live with the lesson you've learned for quite a while." Even assuming for purposes of our review that Griffin had no prior criminal record, we cannot conclude that the county court abused its discretion in imposing the sentence. Given the senseless violence of Griffin's conduct and its consequences for her victim, a sentence at the upper end of the sentencing range for a Class I misdemeanor cannot be deemed clearly untenable or unjust.

Under Neb. Rev. Stat. § 29-2316 (Cum. Supp. 2004), this court may reverse an appellate ruling of a district court in a criminal case where the defendant has not been placed legally in jeopardy. In *State v. Schall*, 234 Neb. 101, 449 N.W.2d 225 (1989), an appeal brought by the State pursuant to § 29-2315.01, we held that the district court, sitting as an intermediate appellate court, erred in determining that the county court had imposed an excessive sentence and that reinstatement of the sentence imposed by a county court after it was vacated by the district court would not subject the defendant to double jeopardy. Our holding was based upon *United States v. DiFrancesco*, 449 U.S. 117, 136, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980), in which the U.S. Supreme Court held that "[t]he double jeopardy considerations that bar reprosecution after an acquittal do not prohibit

review of a sentence." Accordingly, we order the reinstatement of the sentence originally imposed upon Griffin by the county court for Dakota County.

## CONCLUSION

For the reasons discussed above, we overrule the State's exception to the order of the district court for Dakota County modifying the appeal bond. However, we sustain the State's exception to the separate order of the district court entered on December 8, 2004, in which that court determined that Griffin's sentence was excessive. We hereby remand the cause to the district court for Dakota County with directions to reinstate and affirm the sentence imposed upon Griffin by the county court for Dakota County.

EXCEPTIONS SUSTAINED IN PART AND IN PART OVERRULED, AND CAUSE REMANDED WITH DIRECTIONS.