IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MEHNER V. DOE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ANDREA L. MEHNER, AS OR ON BEHALF OF THE HEIRS OF, AND AS REPRESENTATIVE
OF THE ESTATE OF MARIE F. COWNIE, APPELLANT,

V.

JOHN/JANE DOE 1 THROUGH ___; AND DOE, INC. 1 THROUGH ___ COMPANIES, APPELLEES.

Filed October 8, 2024.    No. A-23-981.

Appeal from the District Court for Lancaster County: RYAN S. POST, Judge, on appeal thereto from the County Court for Lancaster County, RODNEY D. REUTER, Judge. Judgment of District Court affirmed.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

Susan K. Sapp and Isaiah J. Frohling, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellee.

PIRTLE, ARTERBURN, and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Andrea L. Mehner appeals from a decision of the Lancaster County District Court which affirmed the decision of the county court dismissing her operative complaint with prejudice. For the reasons that follow, we affirm.

## BACKGROUND

On December 20, 2021, Mehner filed a negligence complaint in the Lancaster County Court on behalf of the estate of Marie F. Cownie. Cownie was Mehner's mother. Mehner alleged that Cownie died on March 13, 2020, after receiving inadequate medical care from various

- 1 -

defendants. In the case caption, Mehner does not identify the defendants by their legal names. Instead, she uses fictitious names in the following manner:

JOHN/JANE DOE 1 through ___;
and DOE, INC. 1 through ___
companies,

Defendants.

Mehner did not name any specific individual or corporate entity within the body of the complaint either. Mehner alleged only that these "Doe" entities provided elderly health care services in Lancaster County. Mehner stated that each defendant would be "further identified" through discovery and a review of Cownie's medical records.

On June 13, 2022, Mehner filed an amended complaint. The amended complaint contained the same case caption as the original complaint. However, in the body of the amended complaint, Mehner asserted that "Defendant Doe, Inc. 1" was Madonna Rehabilitation Hospital (Madonna). She further asserted that "Defendants John and Jane Doe(s)" were the employees, agents, and contractors employed by Madonna.

Mehner served Madonna with the amended complaint on June 18, 2022. In response, Madonna filed a motion to dismiss all claims against itself and its employees. Madonna noted that while it was not a named defendant in the case, Mehner nonetheless made two allegations against Madonna in the body of the amended complaint. Madonna then asserted that the amended complaint was a nullity because the case caption did not identify any defendants, and without defendants from whom relief can be sought, the complaint did not state a true claim for relief. Madonna also argued that Mehner's claims were barred by the 2-year statute of limitations applicable to both professional negligence and wrongful death claims and that relation back was inapplicable.

Following a hearing on Madonna's motion, and while the motion was under advisement, Mehner filed two motions seeking leave to amend her complaint. On September 9, 2022, the county court issued its order finding that because Madonna was not a party to the action, it lacked standing to file its motion. Thus, the motion was denied. The court granted Mehner's motions for leave to amend.

Mehner filed her second amended complaint on September 21, 2022. Madonna is specifically listed in the case caption of this complaint. No employee of Madonna was listed but the caption does refer to "agents identified below in paragraph 4." Madonna again moved to dismiss all claims against itself and its agents and sought dismissal of the second amended complaint with prejudice. Before the county court ruled on Madonna's motion, Mehner filed a motion seeking leave to file a third amended complaint. After a hearing, the court granted Mehner's motion. The court found that Madonna's motion to dismiss was consequently moot.

Mehner filed her third amended complaint on December 9, 2022. The third amended complaint includes Madonna and its agents in the case caption. In the complaint, Mehner alleges that before her mother's death, her mother was treated by Madonna and its agents on January 13 and February 24, 2020.

Madonna filed a third motion to dismiss on December 14, 2022, seeking dismissal of all claims against itself and its agents as well as dismissal of the third amended complaint. Once again,

Madonna argued that Mehner's claims were barred by the statute of limitations. A hearing on Madonna's motion was held on December 30, 2022. Our record does not contain a bill of exceptions for this hearing.

On March 3, 2023, the county court issued its order granting Madonna's motion to dismiss the complaint. The court first found that the third amended complaint was not filed within the 2-year statute of limitations period. The court noted that the operative complaint alleged that Cownie received treatment at Madonna between January 13 and February 24, 2020, and that she died on March 13, 2020. As such, the filing deadline at the latest was March 13, 2022. The court also found that Mehner's third amended complaint did not relate back to her original complaint which was the only complaint filed within the statute of limitations. The court determined that the record did not demonstrate that the requirements for relation back provided for in Neb. Rev. Stat. § 25-201.02(2)(b) (Reissue 2016) were satisfied. The court found that the third amended complaint clearly changed the names of the named defendants from what was listed in the original complaint. Accordingly, Mehner's third amended complaint was dismissed with prejudice.

Mehner filed a motion to alter or amend the judgment. After a hearing, the county court denied the motion in an order issued on April 26, 2023. In its order, the court noted that Mehner asked the court to reconsider its order of dismissal and requested permission to conduct a deposition. The court found that Mehner did not meet the criteria for reconsideration and that she failed to establish any permissible grounds for altering or amending the order.

On May 25, 2023, Mehner filed a notice of appeal. The appeal hearing was held in the district court on October 23, 2023. At the outset of the hearing, the district court noted that no bill of exceptions or statement of errors had been filed. Mehner's counsel argued that the filing deadline for the statement of errors was triggered by the filing of the bill of exceptions, and because she did not file a bill of exceptions, there was no requirement that a statement of errors be filed. Mehner then asserted that the statement of errors in her brief satisfied the requirement to file a statement of errors. Mehner alleged in her brief that the county court erred in (1) dismissing Mehner's operative complaint and (2) overruling her motion to alter or amend the judgment.

The parties presented oral arguments concerning Mehner's alleged errors. Regarding the order of dismissal, Mehner asserted that her identification of Madonna did not amount to a change in name, and thus, her third amended complaint related back to her original complaint. Madonna disagreed and argued that the transition from "Doe" to Madonna was either a change in party or an addition of a party, the latter of which would make relation back wholly inapplicable. Alternatively, Madonna argued that if its being named was a "change," Mehner needed to plead that Madonna had knowledge of the lawsuit within the period of the statute of limitations. Madonna noted that no such assertion had been made.

Regarding Mehner's motion to alter or amend, Mehner argued that the motion was truly a motion requesting leave to amend her complaint which should have been granted. Madonna countered that any amendment to the complaint would have been futile due to Mehner's failure to file within the statute of limitations. The district court took the matter under advisement.

On October 30, 2023, the district court issued its order affirming the judgment of the county court. The court found that because Mehner failed to file a statement of errors, its review was limited to plain error. After reviewing the record, the district court found no plain error.

Mehner appeals.

ASSIGNMENTS OF ERROR

Mehner assigns, summarized and restated, that the district court erred in affirming (1) the county court's dismissal of her third amended complaint with prejudice and (2) the county court's dismissal of her motion to alter or amend judgment, which she alleges was actually a motion seeking leave to amend her complaint. However, as stated above, the district court limited its review to plain error because it did not receive a statement of errors. On appeal, Madonna argues that our review is also limited to plain error. Mehner disagrees. She asserts that the district court should have considered the statement of errors contained in her brief and that those issues are properly before this court.

We begin with a review of the rule governing appellate procedures in the district court. At the time of the proceedings in the district court, Neb. Ct. R. § 6-1518(B) (rev. 2022) stated:

> Within 10 days of filing the bill of exceptions in an appeal to the district court, the appellant shall file with the district court a statement of errors which shall consist of a separate, concise statement of each error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed. Consideration of the cause will be limited to errors assigned, provided that the district court may, at its option, notice plain error not assigned. This rule shall not apply to small claims appeals.

We note that effective November 1, 2023, the rule was amended to increase the time for filing a statement of errors in the district court to within 20 days of filing the bill of exceptions. § 6-1518(B) (rev. 2023). In cases where no statement of errors is filed and the district court reviews for plain error, the higher appellate courts likewise review for plain error only. *TransCanada Keystone Pipeline v. Tanderup*, 305 Neb. 493, 941 N.W.2d 145 (2020).

In this case, Mehner did initially request a bill of exceptions, but at some point adopted the position that no bill of exceptions was necessary in her appeal to the district court. As a result, she intentionally declined to file one. Thus, she asserts that since no bill of exceptions was filed, the 10-day filing deadline in § 6-1518(B) was never triggered and no statement of errors was required prior to the submission of her appellate brief.

Mehner's focus on the filing deadline provided in § 6-1518(B) overlooks the fact that the rule requires the appellant to file a separate statement of errors. Mehner provides us with no authority, and we can find none, that suggests that in cases where a bill of exceptions is intentionally abandoned, a statement of errors need not be filed. In fact, the purpose of § 6-1518 and the relevant case law suggest the contrary.

Section 6-1518(B) is a longstanding rule, adopted in 1991, and the Nebraska Supreme Court has recognized that it serves an important purpose. *State v. Warren*, 312 Neb. 991, 982 N.W.2d 207 (2022). The purpose of the rule is to specifically direct the attention of the reviewing court to precisely what error was allegedly committed by the lower court and to advise the nonappealing party of what is specifically at issue in the appeal. *Id.* Nebraska appellate courts have repeatedly held that where an appellant fails to comply with this rule, appellate review is limited to plain error. *Id.*

Mehner asks us to disregard the rule's purpose and find that the district court should have considered the errors alleged in her brief. We decline to adopt this approach. The relevant case law

demonstrates that in every appeal to the district court, a statement of errors, separate from the appealing party's brief, must be filed. The Supreme Court has previously rejected the assertion that an assignment of error in a brief to the district court could constitute compliance with the rule. See *State v. Griffin*, 270 Neb. 578, 705 N.W.2d 51 (2005); see also *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018). The Supreme Court has also found that in a case where the appeal was submitted to the district court on the briefs alone, the appellant was still required to file a statement of errors, and without one, appellate review was limited to plain error. See *State v. Warren, supra*.

Therefore, as no statement of errors was filed in this case and the district court reviewed for plain error, we likewise review for plain error only. See *TransCanada Keystone Pipeline v. Tanderup, supra*.

STANDARD OF REVIEW

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

ANALYSIS

After reviewing the entirety of the record, we find no plain error in the district court's decision to affirm the judgment of the county court which dismissed Mehner's third amended complaint with prejudice. We first note that Mehner's third amended complaint was not filed within the 2-year statute of limitations. Malpractice and professional negligence actions, as well as wrongful death actions, must be commenced within 2 years after the services are rendered or after the death of the person. See, Neb. Rev. Stat. § 44-2828 (Reissue 2021) (malpractice and professional negligence); Neb. Rev. Stat. § 30-810 (Reissue 2016) (wrongful death). Mehner alleged that her mother died on March 13, 2020. Her third amended complaint was filed on December 9, 2022. Giving Mehner the benefit of the doubt that the statute of limitations began to run at the time of her mother's death, Mehner's third amended complaint still does not fall within the 2-year statute of limitations.

However, we must further determine whether the county court committed plain error by finding that Mehner's third amended complaint did not relate back to her original complaint, which was filed on December 20, 2021. If it did relate back, the 2-year statute of limitations would not apply. Section 25-201.02 addresses the different types of amendments to pleadings and their implications for relating back to the original pleading:

> (1) An amendment of a pleading that does not change the party or the name of the party against whom the claim is asserted relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

> (2) If the amendment changes the party or the name of the party against whom a claim is asserted, the amendment relates back to the date of the original pleading if (a) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, and (b) within the

- 5 -

period provided for commencing an action the party against whom the claim is asserted by the amended pleading (i) received notice of the action such that the party will not be prejudiced in maintaining a defense on the merits and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The Supreme Court has held that § 25-201.02(2) applies only to an amendment that "changes the party or the name of the party" and that refers to a substitution, rather than to an addition, of parties. *Gibbs Cattle Co. v. Bixler*, 285 Neb. 952, 970, 831 N.W.2d 696, 708 (2013).

Mehner claims that her third amended complaint does not change the name of any party, but rather clarifies or corrects the names of certain parties. Thus, she asserts that under § 25-201.02(1), her third amended complaint relates back. Madonna disagrees and argues that Mehner's original complaint did not name any actual parties, and thus, when Madonna and its agents were identified as parties to the case, a change in name occurred. Madonna concludes that it did not have notice as required by § 25-201.02(2)(b), and as such, the third amended complaint does not relate back.

We find no plain error in the county court's determination that § 25-201.02(1) was inapplicable in this case. That subsection deals with the scenario wherein the substance of the amendment does not include changing the name of the party. *Correa v. Estate of Hascall*, 288 Neb. 662, 850 N.W.2d 770 (2014). By inserting Madonna's name into the complaint in the place of the fictious "Doe" names, the party names were changed. We note that this determination is made in distinction from Neb. Rev. Stat. § 25-321 (Cum. Supp. 2006), which allows a plaintiff to designate a defendant by any name or description if followed by the words, "real name unknown." The requirements of § 25-321 have not been met here, and Mehner does not argue the relevance of this procedure in her brief on appeal. Our ruling in this case does not have any bearing on pleadings filed under § 25-321 or any subsequent amendment to those pleadings.

We also find no plain error in the county court's conclusion that Mehner did not satisfy § 25-201.02(2)(b), which requires that notice of the original action must be received by the party against whom the claim is asserted within the period provided for commencing an action. See *Correa v. Estate of Hascall, supra*. This language has been interpreted to mean prior to the expiration of the statute of limitations. *Reid v. Evans*, 273 Neb. 714, 733 N.W.2d 186 (2007). Madonna did not receive notice of this action until June 18, 2022, when it was served with the first amended complaint. This was over 3 months after the 2-year statute of limitations had passed. Additionally, Mehner did not present any factual evidence that, within the limitations period, Madonna had notice of the action or knew or should have known that, but for a mistake in identity, the action would have been brought against it. See, generally, *Davis v. Ridder*, 309 Neb. 865, 963 N.W.2d 23 (2021) (discussing mistaken identity requirement of § 25-201.02(2)(b)(ii) and how it is applied). Accordingly, the third amended complaint did not relate back to Mehner's original complaint.

Mehner also asserts that the district court erred in affirming the county court's judgment which overruled her motion to alter or amend. Mehner contends that this was truly a motion seeking leave to amend her complaint. However, we cannot find any request for leave to amend within the four corners of the motion. Moreover, since no bill of exceptions was filed of the county

court proceedings, we have no evidence that such a request was made orally. The county court's order states that Mehner asked the court to reconsider its order of dismissal and allow Mehner to conduct discovery, specifically to conduct a deposition. The court denied Mehner's request because she did not meet the criteria for reconsideration and failed to establish permissible grounds to alter or amend its previous order of dismissal. After reviewing the record, we find no plain error in the district court's affirmance of the county court's order overruling the motion to alter or amend the judgment.

## CONCLUSION

Finding no plain error by the district court, we affirm its order affirming the county court's decision which dismissed Mehner's complaint with prejudice.

AFFIRMED.